ANTRIM COUNTY SOCIAL WELFARE BOARD *v.* LAPEER
COUNTY SOCIAL WELFARE BOARD.

1. PAUPERS—LEGAL SETTLEMENT—GIVING OF DIRECT RELIEF.
   Establishment of family in a house in plaintiff county and the
   giving of direct relief therein would not effect a change in
   legal settlement from defendant county, where the family
   had had their settlement as that term is used in statute relat-
   ing to poor persons (CL 1948, § 401.1).

2. STATUTES—LATER ENACTED STATUTE CONTROLS OLDER STATUTE.
   A later enacted statute on a particular subject is paramount
   and controlling so far as in conflict with an older statute on
   such subject.

3. PAUPERS—EMERGENCY RELIEF—AUTHORIZATION OF COUNTY OF
   SETTLEMENT.
   County to which family on direct relief had moved from county
   of their legal settlement was entitled to reimbursement from
   latter county for emergency period of only 2 weeks in the
   absence of authorization from county of legal settlement, re-
   striction to 2 weeks being by virtue of a later enactment to
   statute concerning relief for the poor (CL 1948, §§ 403.4,
   403.6).

4. COSTS—FAILURE OF EITHER PARTY TO PREVAIL IN FULL.
   No costs are allowed in action between counties respecting relief
   given a family which had moved from defendant to plaintiff
   county, where neither party has prevailed in full.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 41 Am Jur, Poor and Poor Laws § 24.
[1, 3] Poor relief from Federal or State funds as affecting rights of
   applicant for relief from county, town, or municipality poor
   funds, or rights as between counties, towns, or municipalities in
   that regard.   120 ALR 621.
[2] 50 Am Jur, Statutes § 544.

Appeal from Antrim; Brown (Charles L.), J. Submitted October 10, 1951. (Docket No. 76, Calendar No. 45,176.) Decided January 7, 1952. Rehearing denied June 27, 1952.

Action by Antrim County Social Welfare Board against Lapeer County Social Welfare Board to recover support furnished indigent family. Judgment for plaintiff. Defendant appeals. Reversed and remanded for judgment in lesser amount.

*Harry T. Cook,* for plaintiff.

*Kenneth H. Smith,* for defendant.

REID, J. This is a suit at law to recover for welfare aid furnished to the Marsh family by plaintiff. Donald Marsh, his wife and 7 children, had been recipients of bounty of the Lapeer county social welfare board. Mr. Marsh became dissatisfied with the welfare aid that he was receiving and went to Antrim county and there was established in a house, took up his residence, and Antrim county issued direct relief to him. The trial court rendered judgment in favor of plaintiff covering the period, February 13, 1948 to March 25, 1949, inclusive, in the sum of $1,144.27 and costs.

Notwithstanding that Marsh was established in a house in Antrim county, Lapeer county continued to be the place of his "settlement", as the word "settlement" is used and defined in our statute for the relief of the poor, CL 1948, § 401.1 (Stat Ann 1950 Rev § 16.121), which definition is as follows:

"The word 'settlement' shall be construed to mean the place where any person has last continuously lived, for a period of 1 year, without receiving any public relief and support."

Plaintiff gave notice to defendant on February 11, 1948, that since the preceding day, February 10, 1948, Donald Marsh had been receiving relief and charity from Antrim county as a poor person.

On February 17, 1948, John H. Courter, vice-chairman of the Lapeer county social welfare board, defendant, wrote a letter to plaintiff acknowledging settlement of Donald Marsh and family to be in Lapeer county, the letter being as follows:

"County of Lapeer
"Department of Social Welfare
Court House
Lapeer, Michigan
February 17, 1948

"Board Members
Otto S. Whitney, Chairman
John H. Courter, Vice-Chairman
Marcia C. Weldon, Member
"Antrim County Social Welfare Board
Bellaire, Michigan
Robert J. Helms, Director

Re: Marsh, Donald A. et cetera
*"Dear Mr. Helms:*
"In reply to your letter of February 11, 1948, concerning the above mentioned man and his family, we will acknowledge legal settlement to be that of Lapeer county, but as far as repairing a house for him, that is out of the question.

"Mr. Marsh refused at all times to cooperate with us when he was in this county, would not work on our work projects, even when we provided him with transportation.

"If Mr. Marsh has no other place to live, he may return to this county, and we will place the family in the county infirmary and give him work there.

"Very truly yours,
Lapeer County Social Welfare Board
JOHN H. COURTER, Vice-Chairman"

Plaintiff claims that the Lapeer board, defendant, did not make an unconditional offer to take Marsh and family back to Lapeer but only said that, "If Mr. Marsh has no other place to live, he may return to this [Lapeer] county."

Defendant never authorized plaintiff to issue direct relief to the Marsh family.

Plaintiff relies on the statute, CL 1948, § 403.4 (Stat Ann 1950 Rev § 16.190), and particularly the words therein,

"If such written denial shall not be served on the superintendents of the poor of the county where such poor person or persons may be, as aforesaid, in the time and in the manner aforesaid, then the county sought to be charged with the care, relief and support of such poor person shall be forever barred from denying liability for the expense of the care, relief, and support furnished pursuant to the notice served in accordance with the provisions of section 3 of this chapter."

Defendant relies on CL 1948, § 403.6 (Stat Ann 1950 Rev § 16.192), and particularly the words,

"If acknowledgment of legal settlement and authorization for hospitalization is obtained, and it is later found necessary to issue direct relief, authorization to issue such direct relief, *beyond an emergency period of 2 weeks,* must be obtained from the county of settlement." (Italics supplied.)

It will be noted that the last above-quoted words place section 403.6 in conflict with section 403.4, above quoted.

The questions arising in the instant case because of the conflict between the 2 statutes, section 403.4 and section 403.6, are resolved as follows: The section now appearing as CL 1948, § 403.6 (Stat Ann 1950 Rev § 16.192), was amended in 1943 and the words, above quoted therefrom, including the foregoing ital-

icized words, first appeared in the 1943 statute. Before 1943 the section did not contain the words above quoted therefrom. The later enacted statute is paramount and controlling so far as in conflict with the older statute. Section 403.6 was in effect when the aid to the Marsh family was given by plaintiff, the giving of which aid is the basis of the claim of plaintiff in this case.

Judgment for plaintiff is reversed; the case is remanded to the trial court with instructions to enter a judgment in favor of plaintiff for 2 weeks' emergency welfare aid, and to take further testimony if found necessary to establish the amount. No costs, neither party having prevailed in full.

North, C. J., and Dethmers, Butzel, Carr, Bushnell, Sharpe, and Boyles, JJ., concurred.