TIDEY *v.* RIVERSIDE FOUNDRY & GALVANIZING COMPANY.

OPINION OF THE COURT.

1. WORKMEN'S COMPENSATION—MULTIPLE EVENT INJURY—DISEASE—DATE OF INJURY—STATUTES.

The time or date of injury to an employee who becomes disabled or dies as a result of occupational disease or injury not attributable to a single event is, under the applicable statute, the last day that the employee worked in the employment which subjected him to the conditions resulting in disability or death (CLS 1961, § 412.1).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 58 Am Jur, Workmen's Compensation §§ 189, 463.
[3, 6–8, 10, 12, 15] 58 Am Jur, Workmen's Compensation §§ 295, 338.
[4, 11, 13, 14] 58 Am Jur, Workmen's Compensation § 161 *et seq.*
[5] 58 Am Jur, Workmen's Compensation § 320.
[9] 58 Am Jur, Workmen's Compensation § 26.
[16] 58 Am Jur, Workmen's Compensation § 299.

2. SAME—SILICOSIS—DATE OF DISABILITY—DETERMINATION BY COURT OF APPEALS.

The date of an employee's disability from silicosis is determined from the record by Court of Appeals to be upwards of 2 years following the last day employee had worked, where a finding as to such date is required by the workmen's compensation act and the hearing referee had found decedent had sustained a personal injury as a result of silicosis on last day employee had worked (CL 1948, § 412.1; GCR 1963, 820).

3. SAME—TOTAL AND PERMANENT DISABILITY—CONCURRENT DISABILITIES—DOUBLE COMPENSATION.

An employee being fully compensated for total and permanent disability due to one work-related injury has no right to collect additional compensation because of the development of a disability due to a second work-related injury.

4. SAME—STATUTES—DEATH BENEFITS.

The death of an employee entitled to weekly benefits as the result of a work-related injury before the time his benefits would otherwise cease, entitles his dependents to be paid if the injury was the proximate cause of death, a death benefit, in addition to the expenses of last illness and funeral, determined by the difference between what they would have received if the injury had resulted in immediate death and the sum paid or payable to the decedent (CL 1948, § 412.12).

5. SAME—SILICOSIS—MAXIMUM LIABILITY—STATUTES.

The maximum liability of an employer for weekly benefits as the result of disability or death from silicosis or other dust disease was, under former statute, limited to an aggregate of $10,500 (CLS 1961, § 417.4).

6. SAME—TOTAL AND PERMANENT DISABILITY—CONCURRENT DISABILITIES—STATUTES—BENEFITS PAYABLE.

Weekly benefits become payable to an employee, within the meaning of the statute providing death benefits when an employee entitled to benefits dies from a work-related injury, on the date that the employee becomes disabled from the injury, even though no weekly benefits are actually paid because the employee is already receiving full total and permanent disability compensation as a result of another work-related injury.

7. SAME—TOTAL AND PERMANENT DISABILITY—CONCURRENT DISABILITIES—SAME LINE OF WORK.

No matter how many injuries are sustained, a single employee can lose but one wage in the same line of work due to total and permanent disability.

8. SAME—TOTAL AND PERMANENT DISABILITY—CONCURRENT DISABILITY—DEATH BENEFITS.

No weekly compensation benefits are due to the dependents of an employee who died as the result of an injury incurred in a given line of work where the employee, during his lifetime, was fully compensated for total and permanent disability as the result of a different injury in the same line of work, benefits in such case being limited to the expenses of last illness and funeral, and the amount actually paid the employee exceeds the maximum death benefit (CL 1948, § 412.12).

9. SAME—STATUTES—CONSTRUCTION OF STATUTES—LEGISLATIVE INTENT—BENEFITS PAYABLE—DEPENDENTS.

The legislative intent in enacting the workmen's compensation act was to compensate the employee or his dependents, but not both, for his loss in earning power, regardless of the number of injuries involved.

10. SAME—TOTAL AND PERMANENT DISABILITY—CONCURRENT DISABILITY—BENEFITS PAYABLE.

The workmen's compensation act does not provide for concurrent compensation for total disability in the same line of work and compensation cannot exceed the maximum provided by the act.

11. SAME—DEPENDENTS—PRIOR PAYMENT TO EMPLOYEE.

The general rule of law that the claim of a dependent to workmen's compensation benefits is independent in nature and not derivative from the rights of the decedent is applicable specifically to proceedings for the collection of compensation by the employee and to settlement during the employee's lifetime, but the amount due a dependent remains subject to reduction by reason of payments actually made to the employee.

12. SAME—TOTAL AND PERMANENT DISABILITY—CONCURRENT DISABILITIES—MAXIMUM BENEFITS PAYABLE—PRIOR PAYMENT TO EMPLOYEE—DEPENDENTS—DEATH.

Dependents of an employee may recover only funeral and medical expenses of last illness when an employee dies as the result of a work-related injury caused in one line of work but has, during his lifetime, received the maximum compensation allowable for total and permanent disability because of a different injury causing a concurrent disability from the same line of work (CL 1948, § 412.12).

13. SAME—DEPENDENTS—DEATH BENEFITS—RIGHT TO DEATH BENE-
FITS—EXPENSES OF LAST ILLNESS AND FUNERAL—LIABILITY OF EM-
PLOYER.

Only the expenses of last illness and funeral are payable to the
dependent of an employee who dies as the result of a work-
related injury where the employee was totally and permanently
disabled from the same line of work as the result of a different
injury and received, during his lifetime, the maximum com-
pensation allowable for total and permanent disability since,
under the applicable statute, there is no liability for death
benefits where there would be no liability for weekly benefits
to the employee (CL 1948, § 412.12).

14. SAME—AWARD OF BENEFITS.

Award of maximum death benefits by workmen's compensation
appeal board to widow of employee who died as the result of
a work-related injury after having been fully compensated,
during his lifetime, for total and permanent disability from
the same line of work because of injury to his back, is dis-
allowed except for expenses of last illness and funeral only,
since the liability of an employer for weekly benefits as the
result of total and permanent disability from line of work
cannot exceed the maximum amount payable for total and per-
manent disability under the statute (CLS 1961, § 412.9; CL
1948, § 412.12).

DISSENTING OPINION.

T. G. KAVANAGH, J.

15. WORKMEN'S COMPENSATION—TOTAL AND PERMANENT DISABILITY
—CONCURRENT DISABILITY—SILICOSIS—DEPENDENTS—DEATH.

*Neither the fact that a deceased employee was totally and per-
manently disabled from silicosis during his lifetime nor that
his application for total and permanent disability benefits due
to silicosis was pending at his death have any bearing what-
soever upon an application by his dependents for death ben-
efits because of his death from silicosis.*

16. SAME—DEATH BENEFITS—INJURY—OFFSETTING PAYMENTS.

*Dependent widow was entitled to an award of maximum death
benefits for her husband's death from silicosis, where employer
admittedly made no payments as a result of such injury, since
the statute provides for a death benefit when an injury causes
death, and while payments made to the employee because of
that injury will reduce the amount of the death benefit, there*

is no provision for so reducing the death benefit because of payments made on account of another injury (CL 1948, § 412-.12).

Appeal from the Workmen's Compensation Appeal Board. Submitted Division 3 January 4, 1967, at Grand Rapids. (Docket No. 1,750.) Decided June 13, 1967. Rehearing denied July 20, 1967. Leave to appeal granted December 12, 1967. See 379 Mich 790, 381 Mich 551.

Application by Gladys C. Tidey, widow of Chester O. Tidey, deceased, against Riverside Foundry & Galvanizing Company and Michigan Mutual Liability Company, a Michigan corporation, its insurer, for maximum death benefits as the result of her husband's death from silicosis. The hearing referee entered an award for plaintiff. Defendants appealed. The Workmen's Compensation Appeal Board affirmed. Defendants appeal. Reversed and remanded for entry of an order allowing only expenses of funeral and last illness.

*Edward J. Ryan,* for plaintiff.

*Troff, Lilly, Bonow, Piatt & File,* for defendants.

FITZGERALD, P. J. This dispute involves the question of the right of the wife of defendant's employee, Chester O. Tidey, who suffered two distinct but concurrent disabilities in the course of his employment, and subsequently died, to collect the maximum death benefit under the workmen's compensation law.

Chester Tidey, plaintiff's deceased husband, worked as a molder in defendant's foundry from 1942 until December 19, 1948. On December 14, 1948, he sustained a back injury determined by a workmen's compensation hearing referee to have resulted in total and permanent disability for which

he was initially awarded a total of 500 weeks in compensation at the rate of $21 per week.

In July, 1958, he made application for an additional 250 weeks of compensation because of the back injury and, at the same time, applied for benefits as the result of silicosis allegedly occurring about October, 1956. On September 8, 1958, a hearing referee found him still totally and permanently disabled because of the back injury, and entered an award for an additional 250 weeks compensation, the maximum then allowable for total and permanent disability. On the same date, his application for benefits because of silicosis was dismissed on his own motion.

Defendants' liability for total and permanent disability because of the back injury terminated on April 30, 1963. After being paid in full therefor, decedent refiled his application alleging that he was disabled from silicosis, seeking a new award for total and permanent disability benefits as a result thereof. On April 14, 1964, he died while that application was still pending, and plaintiff then made application for death benefits as a result of his death from silicosis.

The decedent was not gainfully employed from the time of his back injury until his death. The attending pathologist testified that the cause of death was silicosis and resulting complications. It was his expert opinion that the silica dioxide dust breathed by foundry molders very often results in silicosis, and might well have been the cause of the silicosis diagnosed in the decedent. The hearing referee found that plaintiff's decedent had sustained a personal injury on December 14, 1948, which was also the date of his back injury, and awarded death benefits at the rate of $33 per week from April 20, 1964, not to exceed $10,500, together with $560 in funeral and medical expenses of last

illness. The order of the referee was affirmed by the appeal board.

The defendant appeals the order of the board, requesting this Court to remand this cause with instructions to enter an order finding that defendant has discharged its statutory obligation except for burial benefits and expenses of last illness.

Defendant raises a single issue:

"Where an employee has drawn maximum disability benefits during concurrent disabilities in his lifetime and subsequently dies from causes directly related to one of the injuries producing one such disability, does the Michigan workmen's compensation act permit a new award of maximum benefits to his dependents based upon the fact of such death?"

The hearing referee found that plaintiff's decedent sustained a personal injury as a result of silicosis on December 14, 1948, the day on which he suffered the disabling back injury. That apparently was the last day that he actually worked for defendant. Such a finding was, therefore, required by CLS 1961, § 412.1 (Stat Ann 1960 Rev § 17.151) which states:

"The term 'time of injury' or 'date of injury' as used in this act shall in case of a disease or in the case of an injury not attributable to a single event be the last day of work in the employment in which the employee was last subjected to the conditions resulting in disability or death."

See *Stewart* v. *Lakey Foundry & Machine Co.* (1945), 311 Mich 463.

No finding was made by the hearing referee or the appeal board as to when decedent actually became disabled from silicosis, but plaintiff testified that decedent had had severe difficulty breathing

since about 1951, and the physician who testified at trial stated that the condition had existed for years. It seems clear, from the record, that decedent remained totally and permanently disabled from his back injury up to and including the date of his death, and, at the same time, was also disabled from silicosis and had been since at least as early as 1951.[*]

Plaintiff admits that decedent had no right to collect compensation for disability due to silicosis during his lifetime, because he was fully compensated for his total and permanent disability due to his back injury. She stresses the fact that decedent was fully compensated for his back injury, but that he died of silicosis, a disability for which he received nothing. Therefore, plaintiff believes that she is entitled to the full death benefit.

The applicable statute with respect to the right to such death benefits in this case is CL 1948, § 412.12 (Stat Ann 1960 Rev § 17.162). It provides, in essence, that when an employee is entitled to benefits as the result of a work-related injury, but dies before the time his benefits would otherwise cease, his dependents shall be paid "if the injury so received by such employee was the proximate cause of his death," a death benefit, in addition to the expenses of last illness and funeral, determined by the difference between what they would have received if the injury had resulted in immediate death and the sum paid or payable to the decedent. Under the provisions of CLS 1961, § 417.4 (Stat Ann 1960 Rev § 17.223) the maximum liability for weekly benefits as the result of disability or death from silicosis or other dust disease

---

[*] GCR 1963, 820.1(7) authorizes the Court of Appeals to "give any judgment and make any order which ought to have been given or made, and make such other and further orders and grant such relief, as the case may require."—REPORTER.

was limited to an aggregate of $10,500. The decedent was paid more than $10,500 in compensation for his back injury during his lifetime.

As previously noted, the testimony of plaintiff indicates that the decedent was disabled from silicosis as early as 1951. Thus, there is little doubt that under CLS 1961, § 412.9 (Stat Ann 1960 Rev § 17.159), indemnity for disability due to silicosis would have become payable to plaintiff's decedent within the meaning of CL 1948, § 412.12 (Stat Ann 1960 Rev § 17.162) from 1951 until the maximum liability therefor had been paid in full. We know that the indemnity for silicosis was, in fact, not paid because the decedent was already receiving full compensation for total and permanent disability due to his back injury and, admittedly, had no right to collect additional compensation for the disability due to silicosis.

No matter how many injuries are sustained, a single employee can lose but one wage in the same line of work due to total and permanent disability. In this perspective, Chester Tidey collected full compensation for total disability in his lifetime. Since this amount was in excess of the maximum death benefit under the statute, the plaintiff must be satisfied with her funeral and medical expenses of last illness under CLS 1961, § 412.8 (Stat Ann 1960 Rev § 17.158).

*Wolanin* v. *Chrysler Corp.* (1943), 304 Mich 164, is analogous to the instant case and is controlling here. This decision, though based on the act prior to 1943, emphasizes a legislative intent to compensate the employee *or* his dependents (but not both) for his loss in earning power, regardless of the number of injuries involved. Nothing by way of later amendments indicates this position to be obsolete or superseded.

Plaintiff seeks to offset the effect of *Wolanin* by stating that, "The *Wolanin* decision does not actually hold what it seems to hold." To the contrary, we feel that the holding of *Wolanin* is unequivocal, particularly in this language:

"Our statute does not provide for concurrent compensation for total disability in the *same line of work*. Compensation cannot exceed the maximum provided by the act." (Emphasis supplied.)

The Court goes on to distinguish *Wolanin* from *Hebert* v. *Ford Motor Co.* (1938), 285 Mich 607, in the following words:

"In *Hebert* v. *Ford Motor Co.*, 285 Mich 607, compensation for total disability was paid to a workman engaged in skilled employment. He later suffered a permanent injury while engaged in another kind of employment not involving the performance of skilled labor of the kind and character in which he was formerly engaged. Payment of compensation for total disability was approved for this second injury in addition to the compensation he received for the first injury. The *Hebert Case* is distinguishable in that it involved claims for compensation both as a skilled and unskilled employee, while the claims in the instant case are confined to loss as an unskilled employee."

No such distinguishing characteristic comes forth in this case. Both claims, back injury and silicosis, arose out of the "same line of work" and fall within the restriction of *Wolanin*.

It is suggested that the claim of the dependent widow is independent in nature and not derivative from the rights of the decedent. While this is a general rule of law (Larson, Workmen's Compensation Law, § 64), it is applicable specifically to proceedings for the collection of compensation by

the employee and to settlement during the employee's lifetime.

In Curtis v. Slater Construction Co. (1918), 202 Mich 673, the Court refuted any contention that a death benefit may not be reduced or discharged by compensation paid the injured employee during his lifetime:

"From this it would seem to follow, in harmony with the previous ruling of the board above referred to, that, not being a party in interest to the proceeding by her husband during his lifetime, plaintiff's subsequent claim, or 'new cause of action' arising from his death, was not beneficially or detrimentally effected through anything done by him in his proceeding, *except a possible reduction of her claim by reason of payments actually made to him.*" (Emphasis supplied.)

We hold, accordingly, that where two injuries arising out of and in the same line of work are separate but concurrent, if the employee is fully compensated for total and permanent disability during his lifetime for an amount in excess of the maximum statutory death benefit, regardless of which injury the award was based upon and irrespective of which injury resulted in death, dependents of such employee may recover only funeral and medical expenses of last illness.

This result is further dictated by the very provisions of CL 1948, § 412.12 (Stat Ann 1960 Rev § 17.162) upon which plaintiff claims the right to death benefits. The first paragraph thereof reads as follows:

"The death of the injured employee prior to the expiration of the period within which he would receive such weekly payments shall be deemed to end such disability, and all liability for the remainder of such payments which he would have received

in case he had lived shall be terminated, but the employer shall thereupon be liable for the following death benefits in lieu of any further disability indemnity:"

From the above, it is apparent that death benefits are due only where the employee would be entitled to weekly payments. Here, Chester Tidey had received the maximum weekly benefits for total disability during his lifetime. No additional weekly benefits could be due to him from defendants. Where there would be no liability for weekly payments to the employee, there is, under the statute, no liability for death benefits to his dependents.

The order of the workmen's compensation appeal board, affirming the decision of the hearing referee, is reversed and remanded for modification, approving the award of funeral and medical expenses of last illness, but excluding all other death benefits. Costs to appellant.

QUINN, J., concurred with FITZGERALD, P. J.

T. G. KAVANAGH (dissenting). Whether or not Chester O. Tidey was totally and permanently disabled from silicosis during his lifetime was inapposite to the decision in this matter by the hearing referee and the appeal board. Nor should we consider it in this appeal.

The decision from which this appeal was taken dealt not with the decedent's application for total and permanent disability benefits due to silicosis which was pending at the time of his death, but solely with his wife's application for death benefits for the injury causing death, silicosis.

The statute provides for a death benefit for an injury which causes death. While it is true that if payments are made on account of the loss of

wage-earning capacity *occasioned by the injury which results in death,* the death benefit is reduced by the amount of such payments, in the case before us there admittedly was no payment made on account of silicosis which was determined to be the injury resulting in death.

There being no statutory provision for offsetting payments made on account of another injury, I would affirm the decision of the appeal board.