TIDEY *v.* RIVERSIDE FOUNDRY & GALVANIZING COMPANY.

1. WORKMEN'S COMPENSATION—DEPENDENCY BENEFITS—ELIGIBILITY.
   Dependency benefits under workmen's compensation act are derived from and limited by the employer's liability to the employee; if prior to the employee's death the employer has fully satisfied his statutory liability, no benefits arise in favor of a dependent survivor (CL 1948, § 412.12).

2. SAME—DEPENDENCY BENEFITS—CONCURRENT INJURIES.
   Plaintiff, dependent survivor of employee totally disabled by 2 separate but concurrent injuries arising out of the same line of work, *held,* not entitled to dependency benefits where deceased during his lifetime received full compensation for total and permanent disability in excess of the maximum statutory death benefit (CL 1948, § 412.12).

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation § 167.
[2] 58 Am Jur, Workmen's Compensation § 161 *et seq.*
[3] 5 Am Jur 2d, Appeal and Error § 1009 *et seq.*

3. COSTS—WORKMEN'S COMPENSATION—DEPENDENCY BENEFITS.
  No costs were allowed on appeal in action by widow of deceased
    employee to recover dependency benefits under workmen's com-
    pensation act where the evidence established that full compen-
    sation had been paid plaintiff's deceased during his lifetime.

.. Appeal from Court of Appeals, Division 3, Fitz-
gerald, P. J., and Quinn and T. G. Kavanagh, JJ.,
reversing Workmen's Compensation Appeal Board.
Submitted December 3, 1968. (Calendar No. 3,
Docket No. 51,872.) Decided February 3, 1969.

7 Mich App 40, affirmed.

Application by Gladys C. Tidey, widow of Chester
O. Tidey, deceased, against Riverside Foundry &
Galvanizing Company. and Michigan Mutual Liabil-
ity Company, a Michigan corporation, its insurer, for
maximum death benefits as the result of her hus-
band's death from silicosis. The hearing referee
entered an award for plaintiff. Defendants ap-
pealed. The Workmen's Compensation Appeal
Board affirmed. Defendants appealed. Reversed
and remanded by Court of Appeals. Plaintiff ap-
peals. Affirmed.

*Edward J. Ryan,* for plaintiff.

*Troff, Lilly, Bonow, Piatt & File,* for defendants.

BLACK, J. We accept and decide defendants'
counterstated question 3:

"Where an employee has drawn maximum disabil-
ity benefits during concurrent disabilities in his life-
time, and subsequently dies from causes directly re-
lated to one of the injuries producing one such dis-
ability, does the Michigan workmen's compensation

act permit a new award of maximum benefits to his dependents based upon the fact of such death?"

From the very outset controlling section 12 of part 2 of the workmen's compensation law has provided that the right to claim dependency benefits is derivative from, and accordingly is limited by, the employer's liability to the employee.* If prior to the employee's death the employer has fully satisfied his statutory liability by due payment thereof, and that is the fact here, no dependency benefits arise in favor of a dependent survivor. The whole section, not just selected parts thereof, must be read in order that its stated purpose may be ascertained precisely (CL 1948, § 412.12 [Stat Ann 1963 Cum Supp § 17.162]):

"Sec. 12. The death of the injured employee prior to the expiration of the period within which he would receive such weekly payments shall be deemed to end such disability, and all liability for the remainder of such payments which he would have received in case he had lived shall be terminated, but the employer shall thereupon be liable for the following death benefits in lieu of any further disability indemnity.

"If the injury so received by such employee was the proximate cause of his death, and such deceased employee leaves dependents, as hereinbefore specified, wholly or partially dependent on him for support, the death benefit shall be a sum sufficient, when added to the indemnity which shall be at the time of death have been paid or become payable under the provisions of this act to such deceased employee, to make the total compensation for the injury and death exclusive of medical, surgical and hospital services and medicines furnished as provided in sec-

---

* The amendments of 1943 (PA 1943, No 245) did not disturb this purposeful conclusion. Compare CL 1915, § 5442, with CL 1948, § 412.12 (Stat Ann 1963 Cum Supp § 17.162). The latter is quoted *post.*

tion 4 hereof, equal to the full amount which such dependents would have been entitled to receive under the provisions of section 5 hereof, in case the injury had resulted in immediate death, and such benefits shall be payable in the same manner as they would be payable under the provisions of section 5 had the injury resulted in immediate death."

All facts requisite to understanding and application of counterstated question 3 appear in the opinion prepared by Judge FITZGERALD. (*Tidey* v. *Riverside Foundry & Galvanizing Co.* [1967], 7 Mich App 40). He ruled that the principles written in *Wolanin* v. *Chrysler Corp.* (1943), 304 Mich 164, apply to this case and concluded, correctly in our view (*Tidey, supra,* p 50):

"We hold, accordingly, that where two injuries arising out of and in the same line of work are separate but concurrent, if the employee is fully compensated for total and permanent disability during his lifetime for an amount in excess of the maximum statutory death benefit, regardless of which injury the award was based upon and irrespective of which injury resulted in death, dependents of such employee may recover only funeral and medical expenses of last illness."

The judgment of the Court of Appeals is affirmed. No costs.

T. E. BRENNAN, C. J., and DETHMERS, KELLY, and ADAMS, JJ., concurred with BLACK, J.

T. M. KAVANAGH, J., concurred in the result.

T. G. KAVANAGH, J., took no part in the decision of this case.