HUEY v CAMPBELL, WYANT & CANNON FOUNDRY COMPANY

1. WORKMEN'S COMPENSATION—APPEAL AND ERROR—QUESTIONS RE-
   VIEWABLE—PRESERVING ISSUES.

   An issue not raised before the Workmen's Compensation Appeal
   Board generally will not be considered on appeal, but where an
   issue was raised by the appeal board itself and discussed fully
   in several of the members' opinions, the issue will be allowed
   on appeal, especially where the question is solely one of law,
   and all the facts necessary for its resolution have been found
   by the appeal board; the rule preventing a party from raising
   an issue on appeal which was not raised below is not absolute.

2. APPEAL AND ERROR—QUESTIONS REVIEWABLE—PRESERVING ISSUES.

   The general rule that a question may not be raised for the first
   time on appeal is not inflexible; when a consideration of a
   claim sought to be raised is necessary to a proper determina-
   tion of a case, such rule will not be applied.

3. WORKMEN'S COMPENSATION—STATUTES—CONSTRUCTION—DATE OF
   INJURY.

   The $10,500 limitation set forth in a former statute providing for
   workmen's compensation benefits for temporary or permanent
   total disability or death from silicosis or other dust disease
   applies only to those cases in which the "date of injury" was
   prior to May 2, 1966, and the phrase "date of injury" means
   the "last day of work in the employment in which the em-
   ployee was last subjected to the conditions resulting in disabil-
   ity or death" (MCLA 417.4).

Appeal from the Workmen's Compensation Ap-
peal Board. Submitted Division 3 June 4, 1974, at
Grand Rapids. (Docket No. 17308.) Decided August
27, 1974. Leave to appeal granted, 393 Mich 757.

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation § 527.
[2] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
[3] 58 Am Jur, Workmen's Compensation § 189.

Charles Huey presented his claim for workmen's compensation against the Campbell, Wyant & Cannon Foundry, Division of Textron, Inc., and Michigan Mutual Liability Company. Plaintiff died and Geneva B. Huey, his widow, was substituted as plaintiff. Compensation granted. Plaintiff appeals on leave granted. Affirmed.

*McCroskey, Libner, Van Leuven, Kortering, Cochrane & Brock* (by *Edward M. Welch, Jr.),* for plaintiff.

*Ryan, Boerema, Jarosz, Kail & Gaskin,* for defendants.

Before: HOLBROOK, P. J., and T. M. BURNS and R. L. SMITH,* JJ.

T. M. BURNS, J. The decedent, Charles Huey, had been employed in defendant's foundry for almost 15 years when on July 22, 1958, he suffered a back injury which arose out of and in the course of his employment. Although he attempted to work a few times in early 1959, decedent never worked again, and he was paid the statutory 500 weeks of compensation at the rate in effect at the time of his injury.

On February 23, 1968, only a few days after the 500 week period had expired, decedent filed a petition alleging disablement from an occupational disease occurring July 5, 1967. The nature of the disease was described as silicosis. Before a hearing could be held in regard to this disputed claim, Charles Huey died. In October, 1968, plaintiff

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

herein, the widow of the deceased, filed a suggestion of death and petitioned to be substituted as a party plaintiff seeking compensation as the dependent widow and/or the administratrix of the estate of her deceased husband.

A hearing on the matter was subsequently held before a referee. The referee found that the deceased suffered an occupational disease arising out of and in the course of his employment and that his last day worked in which he was subject to the disabling conditions was May 7, 1959. The referee also determined that Mr. Huey became disabled from that disease on October 15, 1966, and that the disease was the prime cause of his death on September 29, 1968. Furthermore, the referee found that compensation should have been paid to the deceased at the rate of $66 per week, beginning on October 15, 1966. The referee concluded that since the deceased had also suffered a totally disabling back injury for which 500 weeks of compensation had already been paid, concurrent total disability payments could have been made only after October 15, 1966. Therefore, the referee ordered that the defendant pay to plaintiff compensation at the rate of $64 per week up to a maximum of $10,500, less the amounts paid concurrently for the back injury subsequent to October 14, 1966. Defendant was also ordered to pay medical expenses in the amount of $17,531.22 and a funeral allowance of $750.

Defendant appealed to the Workmen's Compensation Appeal Board. Since a majority of that body was unable to agree on the issues involved, the referee's decision was affirmed. Plaintiff now appeals the decision of the board by leave granted.

Plaintiff claims that she is not limited to $10,500

compensation under MCLA 417.4; MSA 17.223.[1] Before proceeding to the merits of this claim, we must first determine whether this issue is properly before this Court. Defendant argues that it is not, because plaintiff never raised the issue before either the referee or the appeal board.

It is generally true that an issue not raised before the appeal board will not be considered by this Court on appeal. *Medacco v Campbell Foundry Co,* 48 Mich App 217, 228; 210 NW2d 360 (1973); *Turner v Consumers Power Co,* 376 Mich 188, 191; 136 NW2d 1 (1965). However, in the instant case, this issue was raised by the appeal board itself and discussed fully in several of the members' opinions. Therefore, the policy of remand set forth in *Medacco, supra,* is inapplicable. This is especially true where, as here, the question raised is solely one of law, and all the facts necessary for its resolution have been found by the appeal board.

We also must point out that the rule preventing a party from raising an issue on appeal which was not raised below is not absolute.

"In his first question appellant contends that the second injury fund did not argue before the appeal board that § 4 did not apply to plaintiff's claim and hence cannot now be heard to argue it. Whatever the technical correctness of appellant's argument, we perceive this issue to be one necessary to proper determination of this case and accordingly will consider it.

" 'The general rule that a question may not be raised for the first time on appeal to this Court is not inflexible. When a consideration of a claim sought to be raised

---

[1] This statute limits the amount of compensation payable to employees or their dependents in the event of temporary or permanent total disability or death from silicosis. We are aware that this statute was repealed and replaced by MCLA 418.101 *et seq.;* MSA 17.237(101) *et seq.* However, that legislative action occurred after this case arose and does not affect this case.

is necessary to a proper determination of a case, such rule will not be applied.' *(Dation v Ford Motor Co* [1946], 314 Mich 152 at 160, 161 [22 NW2d 252].)" *Felcoskie v Lakey Foundry Corp,* 382 Mich 438, 442; 170 NW2d 129 (1969).

Since this is the sole issue raised by plaintiff on appeal, and since this Court has already granted plaintiff leave to appeal on this issue, it would be incongruous for us to now hold that the issue is not properly before us. Moreover, we consider this issue to be necessary to a proper resolution of this case and, therefore, will consider it.

Turning our attention to the merits of this controversy, we must determine whether the $10,-500 limitation set forth in MCLA 417.4; MSA 17.223 refers to the date of injury or to the date of disablement. To answer this question, we must interpret MCLA 417.4(a); MSA 17.223(a) which provides in pertinent part:

"(a) This section shall not apply in cases of all claims in which *the date of personal injury* occurs later than May 1, 1966, and all such claims shall be governed by other provisions of this act." (Emphasis added.)

Plaintiff contends that "the date of personal injury" means the date of disablement, which the referee found to be October 15, 1966. Thus, according to plaintiff, the $10,500 limitation doesn't apply. On the other hand, defendant asserts that "the date of personal injury" is not the date of disablement, but rather the last day the employee worked and was subject to disease-causing conditions, *i.e.* May 7, 1959. Thus, defendant's view is that the $10,500 limitation does apply to plaintiff's claim.

In our independent research, we were unable to uncover any decision dealing directly with the

question now before us. In *Welch v Westran Corp,*
45 Mich App 1, 3; 205 NW2d 828 (1973), this Court
denied leave to appeal on the exact issue now
raised by plaintiff. However, in an opinion written
by Judge VAN VALKENBURG, in which Judge HOL-
BROOK and this writer concurred, the Court
pointed out in footnote 2 that had leave to appeal
been granted on the question of whether the date
of injury was properly fixed as the day Mr. Welch
retired rather than the date he discovered the
disablement, an argument identical to the one
presently urged by plaintiff would have failed:

"The reason plaintiff argued that the date of his
injury was May 8, 1968, rather than January 31, 1966,
was to avoid the $10,500 limitation on benefits which
was placed on claims in which the date of personal
injury occurred prior to May 1, 1966. *See* MCLA 417.4;
MSA 17.223. The referee and appeal board were correct
in fixing the date as January 31, 1966, since the 'date of
injury' for an occupational disease is the 'last day of
work in the employment in which the employee was
last subjected to the conditions resulting in disability or
death.' MCLA 412.1; MSA 17.151. *See, currently,* MCLA
418.301; MSA 17.237(301). *See also Sosnowski v Dandy
Hamburger,* 384 Mich 221; 180 NW2d 761 (1970)."

We see no reason to now depart from the view
expressed in the *Welch* decision. Consequently, we
now hold that MCLA 417.4(a); MSA 17.223(a),
which removed the $10,500 limitation on silicosis
compensation was intended to apply only to those
cases in which the "date of injury" was subsequent
to May 1, 1966, and that the phrase "date of
injury" means the "last day of work in the em-
ployment in which the employee was last sub-
jected to the conditions resulting in disability or
death". Accordingly, the referee's decision, af-
firmed by the split appeal board, limiting plaintiff
to $10,500 compensation for silicosis, is affirmed.

Defendant argues on appeal that plaintiff is barred from recovering any compensation at all, citing *Tidey v Riverside Foundry & Galvanizing Co,* 381 Mich 551; 164 NW2d 3 (1969). However, we shall not consider defendant's contention, since this question is not properly before this Court due to the fact that defendant has not made a timely claim of cross-appeal pursuant to GCR 1963, 807.2. See *Therrian v General Laboratories, Inc,* 372 Mich 487, 490; 127 NW2d 319 (1964).

Affirmed.

All concurred.