WELCH v WESTRAN CORPORATION

HUEY v CAMPBELL, WYANT & CANNON FOUNDRY COMPANY

Docket Nos. 54713, 56272. Argued June 6, 1975 (Calendar Nos. 17, 18).—Decided November 25, 1975.

On January 31, 1966, Orville Welch retired from Westran Corporation. In 1968, plaintiff was informed by doctors that he had silicosis and he filed for workmen's compensation benefits. The hearing referee held that the date of disablement was May 9, 1968, and that plaintiff was entitled to benefits, but that such benefits should be limited to $10,500 under the statute in effect at the time of the last day of work. The Workmen's Compensation Appeal Board affirmed. The Court of Appeals denied leave to appeal with respect to the limitation issue and reversed and remanded on another issue, T. M. Burns, P. J., and Holbrook and Van Valkenburg, JJ. (Docket No. 12395). Plaintiff appeals.

Charles Huey suffered a back injury while working at Campbell, Wyant & Cannon Foundry in 1958 and was unable to continue working after May 7, 1959. He was paid the statutory 500 weeks of compensation, and when the 500-week period expired, he filed a petition alleging disablement from silicosis. Before hearing, Huey died and the action was continued by his wife. The referee determined that the silicosis arose out of the course of employment and was the prime cause of death, that the last day of work was May 7, 1959, that the date of disablement was October 15, 1966, that benefits were limited to $10,500 by the statute in effect at the last day of work, and that the defendant could credit the back injury benefits only to the extent that they were paid concurrently with the disable-

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 902.
[2, 4, 5, 10, 11] 58 Am Jur, Workmen's Compensation §§ 214 *et seq.,* 252.
[3, 6, 7] 73 Am Jur 2d, Statutes §§ 196, 197.
[8] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
   58 Am Jur, Workmen's Compensation § 527.
[9] 5 Am Jur 2d, Appeal and Error § 841.
   58 Am Jur, Workmen's Compensation §§ 529, 530.
[11] 58 Am Jur, Workmen's Compensation § 320.

ment from silicosis, *i.e.,* after October 15, 1966. The Workmen's Compensation Appeal Board affirmed. The Court of Appeals, Holbrook, P. J., and T. M. Burns and R. L. Smith, JJ., affirmed (Docket No. 17308). Plaintiff appeals and defendant cross-appeals.

The Court of Appeals is affirmed by an equally divided Court.

Lindemer, J., with Coleman and Fitzgerald, JJ., concurring, voted to affirm on the grounds that "the date of personal injury" was specifically defined for dust diseases as the last day of work under statute in effect on the last day of work. The anomalous disparity in benefits where the last day of work and the day of disablement do not coincide is a matter for the Legislature to change, and it has not changed it.

Williams, J., with T. G. Kavanagh, C. J., and Levin, J. concurring, would reverse the Workmen's Compensation Appeal Board and the Court of Appeals on the grounds that the term "date of personal injury" as used in the amendment of the Workmen's Compensation Act removing the limitation of $10,-500 where the date of personal injury was after May 1, 1966, means the date of disablement, not the last day of work. The $10,500 limit on compensation for dust diseases is not applicable where the date of disablement falls after May 1, 1966.

45 Mich App 1; 205 NW2d 828 (1973) affirmed.

55 Mich App 227; 222 NW2d 191 (1974) affirmed.

### DECISION OF THE COURT

1. APPEAL AND ERROR—EQUALLY DIVIDED COURT.

   Decisions by the Court of Appeals that the former $10,500 limit on workmen's compensation for dust diseases applies to claimants whose last day of work was prior to May 1, 1966, the expiration date of the limitation, are affirmed by an equally divided court (MCLA 417.4).

### OPINION FOR AFFIRMANCE

COLEMAN, FITZGERALD, and LINDEMER, JJ.

2. WORKMEN'S COMPENSATION—DUST DISEASES—DATE OF PERSONAL INJURY.

   *The "date of personal injury" which determines the applicability of the former $10,500 limit on workmen's compensation for dust diseases is the last day of work under the statute in effect for a claimant whose last day of work was prior to May 1, 1966, the expiration date of the limitation (MCLA 417.4).*

3. WORKMEN'S COMPENSATION—STATUTES—CONSTRUCTION.

*It is not within the province of the Supreme Court to eliminate by statutory interpretation an anomalous disparity in workmen's compensation benefits which the Legislature has not seen fit to eliminate; the Court's duty is to apply the law as the Court finds it.*

OPINION FOR REVERSAL

T. G. KAVANAGH, C. J., and WILLIAMS and LEVIN, JJ.

4. WORKMEN'S COMPENSATION—DUST DISEASES—DATE OF PERSONAL INJURY.

*The "date of personal injury" which determines the applicability of the $10,500 limit on workmen's compensation for dust diseases is the date of disablement, not the last day of work; where the date of disablement falls after May 1, 1966, the limit does not apply (MCLA 417.4).*

5. WORKMEN'S COMPENSATION—DISEASES—DISABLEMENT—DATE OF PERSONAL INJURY—STATUTES—CONSTRUCTION.

*The general purpose and tenor of the part of the Workmen's Compensation Act regarding diseases and disablement require that "the date of personal injury" as used in that part be construed in relation to the concept of the accrual of the right to compensation for disease and the establishment of aggregate benefits available; the Legislature did not contemplate going outside of that part to tie the accrual of new rights in a subsection which removes a limitation on compensation when the date of personal injury occurs later than May 1, 1966, to a provision for the computation of compensation in the part concerning compensation (MCLA 417.4).*

6. WORKMEN'S COMPENSATION—STATUTES—CONSTRUCTION.

*One provision of the Workmen's Compensation Act may not be construed in such a manner as to render another of no effect if such a result can be avoided.*

7. WORKMEN'S COMPENSATION—STATUTES—CONSTRUCTION.

*The interpretation to be given to a particular word in one section of the Workmen's Compensation Act must be arrived at after due consideration of every other section so as to produce, if possible, a harmonious and consistent enactment as a whole.*

8. APPEAL AND ERROR—QUESTION NOT RAISED BELOW—WORKMEN'S COMPENSATION.

*Exceptions to the rule that precludes the consideration on appellate review of a question not raised below may be made where*

*consideration of a claim is necessary to the proper determination of a case; therefore, a question raised by the plaintiffs on appeal in a workmen's compensation case may be considered where the issue was thoroughly considered by the Workmen's Compensation Appeal Board so that the Court has the benefit of the board's expert opinion and the defendants could not claim surprise and where there was considerable controversy and confusion on the issue so that resolution of the question was of major importance to the jurisprudence of the state.*

9. Workmen's Compensation—Finding of Facts.

*The Supreme Court is bound by the finding of facts below in a workmen's compensation case (Const 1963, art 6, § 28).*

10. Workmen's Compensation—Date of Personal Injury—Date of Disablement.

*The term "date of personal injury" as used in a section of the Workmen's Compensation Act dealing with silicosis and dust disease and providing that the section shall not apply in cases of claims in which the date of personal injury occurs later than May 1, 1966, should be construed to mean date of disablement by reference to another section of the same part of the act which provides that disablement is to be treated as the happening of a personal injury (MCLA 417.2, 417.4).*

11. Workmen's Compensation—Silicosis—Other Disability—Concurrent Benefits.

*An employer may credit against its total liability for disability due to silicosis only those workmen's compensation benefits concurrently paid as a result of a back injury, i.e., after the date of disability from silicosis.*

*McCroskey, Libner, VanLeuven, Kortering, Cochrane & Brock* for plaintiffs.

*Ryan, Boerema, Jarosz, Kail & Gaskin* for defendants.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *A. C. Stoddard* and *Thomas R. Fredericks,* Assistants Attorney General, for the Silicosis and Dust Disease Fund.

Lindemer, J. Prior legal precedents and the

legislative history of the workmen's compensation law mandate an affirmance of the referee's opinion, the WCAB, and the Court of Appeals in each of these cases.

The facts and the pertinent sections of the act are set forth in Justice WILLIAMS' opinion.

Part VII, § 2 was included in the original occupational disease amendment, 1937 PA 61, to provide the benefits of workmen's compensation legislation to those workers injured by other than an "accident". It was necessitated by a decision of this Court that:

"it was not the intention of the legislature to provide compensation for industrial or occupational diseases, but for injuries arising from accidents alone." *Adams v Acme White Lead & Color Works,* 182 Mich 157, 171; 148 NW 485 (1914).

That legislation, presumably, was meant to statutorily overrule the *Adams* decision. The Legislature did not attempt a subtle definition of "date of injury" by this section. The argument plaintiffs advance fails in light of the subsequent amendment, 1943 PA 245, in which the term "date of injury" was specifically defined for dust diseases. MCLA 412.1; MSA 17.151. As this is the latter pronouncement on the subject of "date of injury", it should control.

Immediately prior to the enactment of 1965 PA 44, it was the policy of this state to limit recovery for dust diseases to an aggregate total of $10,500. In 1965 subsection (a) was added to Part VII, § 4 as follows:

"This section shall not apply in cases of all claims in which the date of personal injury occurs later than May

1, 1966, and all such claims shall be governed by other provisions of this act." MCLA 417.4(a); MSA 17.223(a).

The enactment of that section followed by several years the ruling of this Court in *Joslin v Campbell, Wyant & Cannon Foundry Co,* 359 Mich 420; 102 NW2d 584 (1960). That case emphasized the distinctions between the terms "date of disablement" and "date of injury". In 1965 the Legislature chose to use the specific terms "date of personal injury" in removing the limitation.

To agree with the plaintiff would require one to disregard *Joslin* and assume that the Legislature did not mean what it said.

The reasoning in *Joslin* led the Court to point out the "anomalous disparity in benefits" where the date of disablement and last day worked (date of injury) fail to coincide. However, the Court concluded:

"It requires little imagination to recognize the need for elimination of such disparity, but if it is to be done, it must be done by this State's legislature. As Mr. Justice CARR said, in *Jones v Grand Ledge Public Schools,* 349 Mich 1, 11 [84 NW2d 327 (1957)]: 'It is not within the province of this Court to read therein a mandate that the legislature has not seen fit to incorporate. Our duty is to apply the law as we find it.'" *Joslin, supra,* 429.

Since the date of the *Joslin* decision, the Legislature has made several extensive modifications of the workmen's compensation statutes without elimination of the disparity. The provisions of MCLA 412.1; MSA 17.151, have been retained as MCLA 418.301; MSA 17.237(301) and the hearing referee is still free to pick the date of disablement as it appears from the facts. MCLA 418.425; MSA 17.237(425).

Plaintiffs may dislike the law. They may regard the Legislature as lacking compassion for persons in their position. However, it is the Legislature, not this Court, which is constitutionally empowered to change the law. We would affirm.

COLEMAN and FITZGERALD, JJ., concurred with LINDEMER, J.

WILLIAMS, J. The principal issue in this case is whether Part VII, § 4(a) of the Workmen's Compensation Act, which removes the $10,500 limit on compensation payable for dust diseases for "claims in which the date of personal injury occurs later than May 1, 1966", is effective for claims where the *date of disablement* is subsequent to May 1, 1966, but where the *last day of work* precedes that date. This, in turn, depends on whether "the date of personal injury" in Part VII, § 4(a) should, as asserted by plaintiffs, be construed by reference to Part VII, § 2, which provides that a "disablement * * * shall be treated as the happening of a personal injury", or, as asserted by defendants, by reference to Part II, § 1, which provides that "[t]he term 'time of injury' or 'date of injury' * * * shall in the case of a disease * * * be the last day of work". We hold that the $10,500 limit on compensation for dust diseases is not applicable where the date of disablement falls after May 1, 1966, and reverse the Workmen's Compensation Appeal Board (WCAB) and the Court of Appeals on this issue.

We affirm the WCAB on the subsidiary issue of whether defendant Campbell, Wyant & Cannon Foundry may credit against its total liability for disablement due to silicosis benefits paid as a result of a back injury during a period of time

preceding the date of disability from silicosis found
by the referee and affirmed by the board.

## I—Facts

In *Welch:* On January 31, 1966, plaintiff retired
from Westran. In 1968, plaintiff was informed by
doctors that he had silicosis, and filed for a hear-
ing with the Workmen's Compensation Depart-
ment. The hearing referee held that Welch was
entitled to benefits, but that such benefits should
be limited to $10,500 under the statute in effect at
the time of the last day of work. The date of
disablement was said to be May 9, 1968. The
Workmen's Compensation Appeal Board affirmed
the referee's findings.

The Court of Appeals granted leave to appeal
with respect to an issue no longer disputed, but
denied leave with respect to the limitation issue.

Leave was granted to plaintiff by this Court on
the limitation issue. On cross-appeal, leave was
granted on whether the limitation issue is prop-
erly before the Court, given that it was not for-
mally raised before the Workmen's Compensation
Appeal Board.

In *Huey:* Huey suffered a back injury while
working in defendant's foundry in 1958 and was
unable to continue working after May 7, 1959. He
was subsequently paid the statutory 500 weeks of
compensation.

When the 500-week period expired in 1968,
Huey filed a petition alleging disablement from
silicosis. Before the hearing was held, Huey died
and the action for benefits was taken over by
decedent's wife.

At the hearing, the referee determined that the

silicosis arose out of the course of employment and
was the prime cause of death, that the last day of
work was May 7, 1959 and that the date of disable-
ment was October 15, 1966. The referee held that
the benefits were limited to $10,500 by the statute
in effect at the last day of work and that the
defendant could credit the back injury benefits
only to the extent that they were paid concur-
rently with the disablement from silicosis, *i.e.,*
after October 15, 1966.

The Workmen's Compensation Appeal Board
was unable to reach a majority decision and thus
affirmed the referee. The Court of Appeals af-
firmed the $10,500 limit but would not hear the
concurrent benefits issue, because no cross-appeal
had been filed.

We granted leave to plaintiff on the limitation
issue and to defendant on the concurrent benefits
issue and on the question of whether the limita-
tion question was properly before the Court, given
that it was not formally raised before the board.

## II—INTERPRETATION OF PART VII, § 4(a)

In 1965, a $10,500 limit in Part VII, § 4 of the
Workmen's Compensation Act[1] on compensation
for dust diseases was repealed through enactment
of subsection (a) thereof for "all claims in which
the date of personal injury occurs later than May
1, 1966". The primary question in this case is
whether "the date of personal injury" in Part VII,
§ 4(a) should, as asserted by plaintiffs, be construed
by reference to Part VII, § 2,[2] which provides that
a "disablement * * * shall be treated as the hap-
pening of a personal injury", or, as asserted by

---

[1] MCLA 417.4; MSA 17.223, now repealed.
[2] MCLA 417.2; MSA 17.221, now MCLA 418.411; MSA 17.237(411).

defendants, by reference to Part II, § 1,[3] which provides that "[t]he term 'time of injury' or 'date of injury' * * * shall in the case of a disease * * * be the last day of work".

This issue is crucial because in both *Welch* and *Huey,* the last day of work fell before May 1, 1966, while the date of disablement fell after that date.

*Ab initio,* since all agree that Part VII, § 4(a) cannot be construed in isolation but must be interpreted in light of other provisions and the general purposes of the WCA, it is essential to recognize what Part VII, § 4(a) purports to do, and what it does not purport to do. Part VII, § 4(a) is in effect an internal amendment of Part VII, § 4, repealing the compensation limitations which had been established in § 4. Specifically, Part VII, § 4(a) establishes the right to prescribed compensation without the prior $10,500 ceiling as of May 1, 1966.

Part VII, § 4(a) and Part VII, § 4 do not provide how compensation shall be computed. Part VII, § 3, in fact, specifically provides that compensation shall be computed as provided in Part II.

The significance of this analysis is that Part VII generally provides for compensation for diseases and when the right to it exists. On the other hand, Part II provides for how compensation is computed. This poses the general question, therefore, whether there is an overriding reason why the granting, in Part VII, § 4(a), of the right to be free of the ceiling on aggregate compensation in Part VII, § 4, should be determined by reference to a provision relating to the computation of compensation in Part II.

A determination of this question requires a closer examination of the statutory framework relevant to the construction problem at hand. As

---

[3] MCLA 412.1; MSA 17.151, now MCLA 418.301; MSA 17.237(301).

mentioned above, Part VII generally adds the
right to compensation for diseases and disable-
ments to the scope of the WCA. Section 1[4] defines
"disability," "disablement" and "personal injury"
so as to accomplish this result. Section 2 is espe-
cially central to the interpretation of § 4(a). Sec-
tion 2 reads:

"The disablement of an employe resulting from such
disease or disability shall be treated as the happening
of a personal injury within the meaning of this act and
the procedure and practice provided in this act shall
apply to all proceedings under this part, except where
specifically otherwise provided herein."

Section 3[5] provides that death or disability from
industrial disease entitles the employe or his rep-
resentatives to compensation and medical services
as provided in Part II.

Section 4 is hereafter set out in full because it
shows that § 4(a) is part and parcel of a program of
rights developed in Part VII which is self-con-
tained with respect to the determination of when
rights accrue and the compensation ceilings im-
posed in claims for death or disability due to dust
disease. As mentioned above, the *computation of
the benefits* to be paid is made by specific refer-
ence to Part II. See Part VII, § 3; also *Joslin v
Campbell, Wyant & Cannon Foundry Co,* 359 Mich
420, 428; 102 NW2d 584 (1960). Section 4 reads as
follows:

"Compensation shall not be payable for partial dis-
ability due to silicosis or other dust disease. In the
event of temporary or permanent total disability or
death from silicosis or other dust disease, notwithstand-

---

[4] MCLA 417.1; MSA 17.220, now MCLA 418.401; MSA 17.237(401)
and MCLA 418.405; MSA 17.237(405).

[5] MCLA 417.3; MSA 17.222, now MCLA 418.415; MSA 17.237(415).

ing any other provisions of this act, compensation shall
be payable under this part to employees or to their
dependents in the following manner and amounts: If
disablement or death occurred during the first calendar
month in which Act No. 61 of the Public Acts of 1937
became effective not exceeding the sum of $600.00; if
disablement or death occurred during the second calen-
dar month after such act became effective not exceeding
the sum of $700.00; thereafter the total compensation
and benefits payable for disability and death shall
increase at the rate of $100.00 each calendar month.
The aggregate amount payable shall be determined by
the total amount payable in the month in which dis-
ablement or death occurs. In no event shall such com-
pensation exceed an aggregate total of $10,500.00: Pro-
vided, That rights accruing prior to the effective date of
this amendatory act shall be preserved and governed by
the provisions of this section prior to the effective date
of this amendatory act: Provided, That where silicosis
or other dust diseases were first made compensable by
Act No. 245 of the Public Acts of 1943, then in such
instances the graduated benefit provision of this section
shall begin to apply to disability or death resulting
from such diseases as of the effective date of such act.

"(a) This section shall not apply in cases of all claims
in which the date of personal injury occurs later than
May 1, 1966, and all such claims shall be governed by
other provisions of this act."

The remaining sections of Part VII establish a
special fund and provide for the administration of
disease cases.

The issue in this case arises because defendants
argue that the "claims in which the date of per-
sonal injury occurs later than May 1, 1966" in
Part VII, § 4(a) are established by reference to
Part II, § 1, which in pertinent part states:

"The term 'time of injury' or 'date of injury' as used
in this act shall in the case of a disease * * * be the
last day of work in the employment in which the

employee was last subjected to the conditions resulting in disability or death."

Plaintiffs, of course, argue that reference must be made to Part VII, § 2.

As already indicated, the general purpose and tenor of Part VII, and specifically, of Part VII, § 4(a) require that "the date of personal injury" in Part VII, § 4(a) be construed in relation to the concept of the accrual of the right to compensation for disease and the establishment of aggregate benefits available. Defendants here seek to go outside the Part VII scheme of things to tie the accrual of new rights in § 4(a) to a provision for the computation of compensation in Part II. Is this what the Legislature contemplated? We think not.

There are three arguments arising out of the language of Part VII itself that deny the logic of defendants' assertion.

First, as suggested above, Part VII, § 4(a) relates to the accrual of rights, not to the computation of compensation. As explained in *Joslin, supra,* Part VII, § 2 establishes when rights accrue, while Part II, § 1 functions to help compute compensation. Thus, in construing § 4(a), reference to Part VII, § 2, seems the most reasonable course.

Second, Part VII, § 2, stating that "[t]he disablement of an employee * * * shall be treated as the happening of a personal injury", is almost immediately adjacent to Part VII, § 4(a). Interpolating this language into § 4(a), the repeal of the $10,500 limitation would be effective for all claims in which the date of *disablement* occurs after May 1, 1966. The very close proximity of §§ 2 and 4(a) strongly suggests that they should be read in relation to one another.

Third, reference to the date of disability in

determining the availability of aggregate compensation is consistent with the past practice established in Part VII, § 4:

" * * * In the event of temporary or permanent total disability or death from silicosis or other dust disease, * * * compensation shall be payable under this part to employees or to their dependents in the following manner and amounts: *If disablement or death* occurred during the first calendar month in which Act No. 61 of the Public Acts of 1937 became effective not exceeding the sum of $600.00; *if disablement or death* occurred during the second calendar month after such act became effective not exceeding the sum of $700.00; thereafter the total compensation and benefits payable for disability and death shall increase at the rate of $100.00 each calendar month. *The aggregate amount payable shall be determined by the total amount payable in the month in which disablement or death occurs.* * * * " (Emphasis added.)

In the absence of a clear indication from the Legislature that it intended to deviate from past practice, and take a more restrictive approach toward the granting of increased aggregate benefits available, we should be hesitant to infer that a more restrictive approach was intended. And in fact, in the instant case, we have strong indications that the date of disablement should continue to be the central date in determining eligibility for the increased aggregate benefits.

## III—*JOSLIN*

Defendants rely heavily on *Joslin v Campbell, Wyant & Cannon Foundry Co, supra,* where a similar argument was presented as to whether Part VII, § 2 or Part II, § 1 should be referred to in resolving a significantly different construction

problem. In the instant case the question relates to
the time of accrual of a right, the right to be free
of the $10,500 limitation. In *Joslin,* the question
relates to the time of injury as it relates to the
computation of compensation of periodic compen-
sation. Specifically, the Court in *Joslin* held that
the term "time of injury" in the provision for
determination of an employee's dependency status,
Part II, § 9; MCLA 412.9; MSA 17.159 was to be
construed by reference to Part II, § 1.

In reaching this conclusion, the Court empha-
sized the distinct purposes of the two parts of the
act:

"The foregoing interpretations of parts 2 and 7 of the
act give meaning to all sections thereof. Thus, "date of
disablement" determines when rights accrue, when no-
tice must be given, and when claim must be filed, while
"time of injury" determines the amount of weekly
compensation benefits to be paid to the extent such
benefits depend upon an employee's dependency status
and his average weekly wage." 359 Mich 420, 428; 102
NW2d 584, 588.

The previous paragraph is even more explicit in
stating that Part VII, § 2 properly establishes
when rights accrue, which is exactly what Part
VII, § 4(a) is all about:

"By enactment of section 2, part 7, the legislature
provided that rights to compensation in occupational
disease cases under part 7 shall accrue upon disable-
ment in the same manner as such rights in personal
injury cases under part 2 accrue at the time of injury.
This Court frequently has held that such rights do
accrue upon disablement, and that the statutory time
limitations for giving notice and filing claim therefor
commence as of the date of disablement." (Citations
omitted) 359 Mich 420, 428; 102 NW2d 584, 588.

Thus, the *Joslin* case and its progeny[6] are perfectly consistent with, and even supportive of our statutory analysis today.

*Joslin* is not persuasive authority for defendants' position for another reason. The Court in *Joslin* relied heavily on the need to give all provisions of the Workmen's Compensation Act meaning and effect, specifically, the need to give Part II, § 1 meaning and effect:

"Considered alone, sections 2 and 7 of part 7 might be construed to authorize the result reached by the appeal board in this case and urged upon us by plaintiff. But this Court must construe a legislative enactment in its entirety. As this Court has previously stated, *one provision may not be construed in such manner as to render another of no effect if such result can be avoided. Brady v City of Detroit,* 353 Mich 243, 248 [1958]. Earlier, this Court said:

" 'The entire act must be read, and the interpretation to be given to a particular word in one section arrived at after due consideration of every other section so as to produce, if possible, a harmonious and consistent enactment as a whole.' *City of Grand Rapids v Crocker,* 219 Mich 178, 182, 183 [1922].

"Applying the foregoing standards of statutory construction, *some meaning must be given to section 1, * * * .*" 359 Mich 426–427.

*         *         *

*"The foregoing interpretations of parts 2 and 7 of the act give meaning to all sections thereof.* Thus, 'date of disablement' determines when rights accrue, when notice must be given, and when claim must be filed, while 'time of injury' determines the amount of weekly compensation benefits to be paid to the extent such benefits depend upon an employee's dependency status and his

---

[6] *See Jordon v Michigan Malleable Iron Co,* 363 Mich 256; 109 NW2d 832 (1961); *Sosnowski v Dandy Hamburger,* 384 Mich 221; 180 NW2d 761 (1970); *Tomasini v Youngstown Mines Corp,* 366 Mich 503; 115 NW2d 387 (1962).

average weekly wage." 359 Mich 420, 428. (Emphasis added.)

We have seen that the *Joslin* Court did establish a meaning and purpose for Part II, § 1. This section is to be used in the computation of weekly benefits as described above. Consequently, not only is the purpose of Part II, § 1 inconsistent with that of Part VII, § 4(a), but also, the rule of construction relied on so heavily in *Joslin* requiring that Part II, § 1 be given a meaning is not applicable to the instant case. Unlike the Court in *Joslin,* we need not concern ourselves with the necessity of giving § 1 meaning, for under the authority of prior cases, it has meaning, though not one related to the section that we construe today.

### IV—WHETHER THE QUESTION OF THE PROPER CONSTRUCTION OF PART VII, § 4(a) IS PROPERLY BEFORE THIS COURT

Defendants argue that plaintiffs may not raise the issue of the applicability of the $10,500 limit on compensation on appellate review because this issue was not formally raised before the Workmen's Compensation Appeal Board.

The general rule established by this Court would preclude the consideration on appellate review of a question not raised below. But as plaintiffs point out, exceptions to this rule may be made where consideration of a claim is necessary to the proper determination of a case. *Dation v Ford Motor Co,* 314 Mich 152, 160–161; 22 NW2d 252, 255 (1946). Furthermore, the limitations issue was thoroughly considered by the appeal board. Thus, this Court has the benefit of the board's expert opinion and the defendants cannot claim surprise at this time. Finally, the appeal board opinions indicate consid-

erable controversy and confusion on this issue so
that resolution of the question is of major impor-
tance to the jurisprudence of the state. For all
these reasons, we consider the question raised by
plaintiffs on appeal.

## V—THE CONCURRENT BENEFITS ISSUE

Under *Tidey v Riverside Foundry & Galvanizing
Co,* 7 Mich App 40; 151 NW2d 198 (1967), affirmed
by this Court in 381 Mich 551; 164 NW2d 3 (1969),
"where two injuries arising out of and in the same
line of work are separate *but concurrent,* if the
employee is fully compensated for total and per-
manent disability during his lifetime for an
amount in excess of the statutory death benefit,
regardless of which injury the award was based
upon and irrespective of which injury resulted in
death, dependents of such employee may recover
only funeral and medical expenses of last illness".
381 Mich at 554, quoting from the Court of Ap-
peals decision.

Defendant Campbell, Wyant & Cannon Foundry
argues that it should receive credit for compensa-
tion payments made to Huey for a back injury
which took place in 1958. Huey was paid weekly
benefits for the back injury for the statutory 500-
week period, such period extending until February
of 1968.

However, under the rule of *Tidey,* credit may be
obtained only for benefits which were concurrent.
An examination of defendant Campbell, Wyant &
Cannon Foundry's argument on this issue indi-
cates that this point of law is granted, for the
thrust of defendant's complaint relates to the date
of disability from silicosis found by the hearing
referee and affirmed by the appeal board.

However, we are bound by the finding of facts

from below. Const 1963, art 6, § 28; *Turner v Consumers Power Co,* 376 Mich 188; 136 NW2d 1 (1965). The hearing referee found the date of disablement to be October 15, 1966. Only benefits paid after that date were concurrent, and defendant may get credit only for benefits paid after that date.

## VI—CONCLUSION

In sum, we hold today that the term "date of personal injury" as used in Part VII, § 4(a) of the Workmen's Compensation Act should be construed to mean date of disablement by reference to Part VII, § 2. Thus, the $10,500 limitation on aggregate compensation available established in Part VII, § 4 is not applicable for all claims in which the date of disablement occurs after May 1, 1966. We reverse the WCAB and the Court of Appeals on this issue.

We further hold that defendant Campbell, Wyant & Cannon Foundry may credit against its total liability for disability due to silicosis only those benefits paid as a result of a back injury after the date of disability from silicosis found by the referee and affirmed by the board. We affirm the WCAB and the Court of Appeals on this issue.

T. G. KAVANAGH, C. J., and LEVIN, J., concurred with WILLIAMS, J.