HEATH v OWENS-CORNING FIBERGLAS CORPORATION

Docket No. 124984. Submitted December 5, 1990, at Detroit. Decided
April 2, 1991, at 9:10 A.M. Leave to appeal sought.

Aetna Casualty & Surety Company, workers' disability compensa-
tion insurer of Owens-Corning Fiberglas Corporation, sought
reimbursement from the Silicosis and Dust Disease Fund of all
workers' disability benefits in excess of $12,500 paid by Aetna
to Reed S. Heath. The fund argued that it should not be
required to reimburse Aetna for the amount of the overpay-
ments to Heath made as a result of Aetna's failure to reduce
the weekly benefits pursuant to the workers' compensation act
because Heath was over sixty-five. A hearing referee held that
the fund was required to fully reimburse all amounts paid by
Aetna in excess of $12,500. The Workers' Compensation Appeal
Board affirmed, ruling that the reductions in payments pro-
vided by MCL 418.357; MSA 17.237(357) are not automatic, but
must be obtained by seeking a hearing before the Bureau of
Workers' Disability Compensation and receiving an order al-
lowing such reductions. The fund appealed.

The Court of Appeals *held:*

Section 357(1) expressly states that payments "shall be re-
duced" by five percent for each year a person is more than
sixty-five years old. The statutory benefit reduction is manda-
tory and automatic. There was no need for Aetna to seek a
hearing before and secure an order from the bureau before
reducing benefit payments. Accordingly, the fund is not re-
quired to reimburse Aetna for the overpayments it made to the
claimant.

Reversed.

WORKERS' COMPENSATION — REDUCTION OF BENEFITS — AGE ADJUST-
MENT.

The requirement of the Workers' Disability Compensation Act
that benefits to a claimant who is over sixty-five years of age be
reduced by five percent for each year exceeding the limit may

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 365, 433, 659, 660.
See the Index to Annotations under Workers' Compensation.

be implemented automatically without a hearing before the Bureau of Workers' Disability Compensation (MCL 418.357; MSA 17.237[357]).

*LeVasseur, Leslie & Johnson, P.C.* (by *Douglas W. Johnson*), for Owens-Corning Fiberglas Corporation and Aetna Casualty & Surety Company.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Caleb B. Martin, Jr.,* Assistant Attorney General, for the Silicosis and Dust Disease Fund.

Before: HOLBROOK, JR. P.J., and WAHLS and T. G. KAVANAGH,* JJ.

PER CURIAM. Defendant Silicosis and Dust Disease Fund appeals by leave granted from a December 13, 1989, order of the Workers' Compensation Appeal Board, affirming a May 24, 1984, decision of a hearing referee and holding that the fund was required to reimburse defendant Aetna Casualty & Surety Company, insurer of defendant Owens-Corning Fiberglas Corporation for all amounts over $12,500 paid by Aetna to the injured employee, plaintiff Reed S. Heath, pursuant to MCL 418.531; MSA 17.237(531). On appeal, the fund does not challenge plaintiff's basic entitlement to benefits. Rather, it contends that it should not be required to reimburse Aetna for *overpayments* to plaintiff caused by Aetna's failure to reduce plaintiff's benefits by five percent a year for each year plaintiff (who was born on October 2, 1912) was older than sixty-five, pursuant to § 357 of the Workers' Disability Compensation Act. MCL 418.357; MSA 17.237(357). We agree and reverse.

In its order, the WCAB ruled that the reductions

---

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

in payments provided by § 357 are not automatic, but must be obtained by seeking a hearing before the Bureau of Workers' Disability Compensation and receiving an order allowing such reductions. Consequently, the wcab affirmed the referee's decision which provided that the fund was to reimburse Aetna for all payments made in excess of $12,500 in accordance with the referee's original decision, mailed March 29, 1983, which set the amount of plaintiff's benefits. The decision also permitted payments to plaintiff to be reduced retroactively to the date of the March 19, 1983, decision in order to conform to § 357, and provided that overpayments after the stated date could be recouped at the rate of $30 a week.

The fund's position is that Aetna, being initially responsible for payments to plaintiff, should have proceeded on its own to reduce as necessary its payments to plaintiff under § 357. We agree. We find that the wcab committed a clear error of law in holding that a hearing before the bureau is necessary in order to implement a reduction under § 357.

Section 357(1) expressly states that payments "shall be reduced" by five percent for each year a person is more than sixty-five years old. Given that language, we find no useful purpose which a hearing on the matter could serve. Moreover, in a previous decision, *Wells v Uniroyal, Inc,* 1978 WCABO 1282, 1284, the wcab stated:

> We find the age 65 reduction works by operation of law. The language is mandatory and unequivocal: § 357 contemplates cases where an employee is receiving or entitled to receive weekly benefits and reaches, has reached or passed the age of 65. In such instances, the employer is entitled to reduce the benefits payable in accordance with the Act

regardless whether such provision was included in the Referee's order in the same manner that dependency adjustments can be made by operation of statutory mandate. Indeed, it would be permissible for the employer or carrier to make the 5% reductions even in absence of an order of the Bureau or the Board. Furthermore, the omission of the applicability of § 357 in the Referee's 1971 order is unimportant as the statute in effect at the time of injury is controlling and provides for same.

Furthermore, our Supreme Court has noted that the language of § 357 "mandates" a reduction in benefits after age sixty-five. *Gusler v Fairview Tubular Products,* 412 Mich 270, 292; 315 NW2d 388 (1981).

We also note that administrative rule, 1980 AACS, R 408.40(4), specifically provides a mechanism for reducing payments "in accordance with the act for changes in dependency and age 65 reductions . . . ." The rule provides for the filing of a report with the bureau and notification to the employee. There is no indication that a hearing is necessary.

Consequently, we find no support for the WCAB's ruling in this case.

We also do not agree with Aetna's contention that the fund is precluded by the principle of res judicata from raising this issue now because the application of the § 357 reductions was not pursued by the fund at the original hearing which set the level of plaintiff's benefits. Given the mandatory and automatic nature of the operation of the age sixty-five reductions, this was not an issue subject to dispute and, therefore, not a matter requiring litigation at the initial hearing on plaintiff's complaint.

The decision of the WCAB is reversed.