## WELCH v WESTRAN CORPORATION

1. WORKMEN'S COMPENSATION—STATUTES—REDUCED BENEFITS.

The Legislature intended that subsequent to July 1, 1968, all persons over the age of 65, no matter when they incurred injury, are subject to the reduced-benefit provision of that section of the Workmen's Compensation Act which provides that when an employee who is receiving weekly payments or is entitled to receive weekly payments reaches or has reached or passed the age of 65 his weekly benefit payments will be reduced (MCLA 412.9[g], as amended by 1968 PA 227, § 9[g]).

2. STATUTES—CONSTRUCTION—PROSPECTIVE OPERATION.

Statutes are interpreted as being only prospective in their operation, save where the context of clear and unequivocal language mandates otherwise.

3. WORKMEN'S COMPENSATION—PURPOSE OF ACT—INTENT OF PROVISION.

The context of the various provisions of the Workmen's Compensation Act must be construed in light of the Legislature's intention and the remedial purpose of the act, which properly placed the burden of compensating an employee upon industry.

4. WORKMEN'S COMPENSATION—STATUTES—AMENDMENTS—CONSTRUCTION—RETROSPECTIVE APPLICATION.

The Legislature, through an amendment to the Workmen's Compensation Act effective July 1, 1968 which provided that provisions of a section would apply to employees who were injured subsequent to their sixty-fifth birthday, did not intend that the amendment be applied retrospectively to reduce the weekly compensation of those employees who suffered injuries after their sixty-fifth birthday but prior to July 1, 1968, because

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 58 Am Jur, Workmen's Compensation § 306.

Right to compensation under workmen's compensation act as affected by pension, insurance, gratuities, or other benefits not derived from the act itself, 119 ALR 921.

[2] 50 Am Jur, Statutes §§ 478–480.

[3] 58 Am Jur, Workmen's Compensation §§ 2, 9.

there is no clear language, unequivocal or otherwise, which directs such a retrospective application (MCLA 412.9[g], as amended by 1968 PA 227, § 9[g]).

Appeal from the Workmen's Compensation Appeal Board. Submitted Division 3 December 6, 1972, at Grand Rapids. (Docket No. 12395.) Decided February 21, 1973. Leave to appeal applied for.

Orville Welch presented his claim for workmen's compensation benefits against Westran Corporation, Michigan Mutual Liability Company, and the Silicosis and Dust Disease Fund. Benefits granted with reduction because of plaintiff's age. Plaintiff appeals by leave granted. Reversed and remanded.

*Marcus, McCroskey, Libner, Reamon & Williams,* for plaintiff.

*Ryan, Boerema, Jarosz, Kail & Gaskin,* for defendants Westran Corporation and Michigan Mutual Liability Company.

Before: T. M. BURNS, P. J., and HOLBROOK and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. On January 31, 1966, plaintiff retired after having worked since 1922 for Westran Corporation, a Muskegon foundry. Plaintiff was 65 years and 9 days old on that date. Although he felt well at the time of his retirement, he was hospitalized in May of 1968 because of shortness of breath. It was then discovered that plaintiff had tuberculosis necessitating his hospitalization until August 23, 1968. Since that time plaintiff has continued to be short-winded and has

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

had to continue to take medication and have chest X-rays every three months.

On May 28, 1968, plaintiff filed a claim for workmen's compensation, alleging he was suffering from the occupational disease of silicosis. After the hearing held on May 28, 1969, the referee found that plaintiff suffered the personal injury on January 31, 1966, the date of his retirement, and further held:

"It is further ordered that total compensation shall not exceed $10,500.00. Since it is not finally determined as to whether this case is subject to Part II, Sections 9(f) and 9(g), the defendants may make payments applying subsection (g) and not applying subsection (f), it being the writer's expectation that the $10,500.00 will have been paid before the final determination as to the applicability of said two subsections."[1]

Thereafter this holding was affirmed by the appeal board.

Plaintiff sought leave to appeal to this Court raising two issues. The first issue related to whether the date of the injury was properly fixed as January 31, 1966, rather than May 9, 1968, the date he discovered the disablement.[2] The second issue related to whether his benefits were properly

[1] Sections referred to in the referee's order are MCLA 412.9(f); MSA 17.159(f), and MCLA 412.9(g); MSA 17.159(g), of the former Workmen's Compensation Act. Similar new sections in the Workmen's Compensation Act of 1969 are MCLA 418.355; MSA 17.237 (355), and MCLA 418.357; MSA 17.237(357), respectively.

[2] The reason plaintiff argued that the date of his injury was May 8, 1968, rather than January 31, 1966, was to avoid the $10,500 limitation on benefits which was placed on claims in which the date of personal injury occurred prior to May 1, 1966. *See* MCLA 417.4; MSA 17.223. The referee and appeal board were correct in fixing the date as January 31, 1966, since the "date of injury" for an occupational disease is the "last day of work in the employment in which the employee was last subjected to the conditions resulting in disability or death". MCLA 412.1; MSA 17.151. *See, currently,* MCLA 418.301; MSA 17.237(301). *See also Sosnowski v Dandy Hamburger,* 384 Mich 221 (1971).

reduced because he was over 65 years of age. On October 26, 1971, this Court granted leave to appeal on the age issue only.[3]

MCLA 412.9(g); MSA 17.159(g) provided:

"When an employee who is receiving weekly payments or is entitled to weekly payments reaches the age of 65, the weekly payments for each year following his sixty-fifth birthday shall be reduced by 5% of the weekly payment paid or payable at age 65, but not to less than 50% of the weekly benefit paid or payable at age 65; so that on his seventy-fifth birthday the weekly payments shall have been reduced by 50%; after which there shall be no further reduction for the duration of the employee's life. In no case shall weekly payments be reduced below the minimum weekly benefit as provided in this act."

1968 PA 227, § 9(g), which became effective on July 1, 1968, amended the above-quoted section by adding the words "or has reached or passed" immediately following the word "reaches".

There is no question that prior to the 1968 amendment § 412.9(g), *supra,* did not apply to persons who were 65 years old prior to the enactment of that section in 1965. See *Pierce v Johnson,* 39 Mich App 67 (1972). It is equally clear that the 1965 language was such that § 412.9(g), *supra,* was not applicable to any person who was injured subsequent to his sixty-fifth birthday. The 1968 amendment, however, changed the applicability of the reduction provisions. MCLA 412.9(g), *supra,* as amended by 1968 PA 227, § 9(g), provided that "when an employee who is receiving weekly payments or is entitled to weekly payments reaches or has reached or passed the age of 65" weekly payments were to be reduced in accordance with

---

[3] On January 13, 1972, the Supreme Court denied interim review of this Court's order.

the provisions of the section. Since the section as amended provides that when the employee is either receiving or entitled to receive payment and reaches or has reached or passed age 65 his benefits will be reduced, it is clear that the Legislature intended that subsequent to July 1, 1968, all persons over the age of 65 are subject to the reduced-benefit provision, no matter when the injury was incurred.

Thus we are confronted with the question of whether the 1968 amendment operates retroactively to reduce the weekly benefits of a plaintiff who suffered a compensable injury after his sixty-fifth birthday but prior to July 1, 1968, the effective date of the amendment.

Save where the context or clear and unequivocal language mandates otherwise, statutes are interpreted as being prospective only in their operation. *Detroit Trust Co v Detroit,* 269 Mich 81 (1934); *Briggs v Campbell, Wyant & Cannon Foundry Co,* 2 Mich App 204 (1966), *aff'd,* 379 Mich 160 (1967).

The context of the various provisions of the Workmen's Compensation Act must be construed in light of the Legislature's intention, and the remedial purposes of the act which properly placed the burden of compensating an employee upon industry. *Gauthier v Campbell, Wyant & Cannon Foundry Co,* 360 Mich 510, 527 (1960); *Lahti v Fosterling,* 357 Mich 578 (1959).[4]

---

[4] Although *Lahti* applied an amended provision of the Workmen's Compensation Act retroactively (MCLA 412.4; MSA 17.154, as amended by 1955 PA 250) there the amendment increased the employee's potential compensation thus advancing the remedial and humanitarian purposes of the act, whereas here the amendment would reduce the employee's compensation. Moreover, *Lahti* was strictly limited to a consideration of only hospital and medical benefits which are not at issue in the instant case. *Wehmeier v W E Wood Co,* 377 Mich 176, 185 (1966); also *Briggs v Campbell, Wyant & Cannon Foundry Co,* 2 Mich App 204, 219 (1966), *aff'd,* 379 Mich 160 (1967), which refused to apply an amended portion of the Workmen's Compensation Act retrospectively.

The Legislature through the 1968 amendment clearly indicated that after July 1, 1968, the provisions of MCLA 412.9(g); MSA 17.159(g), would apply to employees who were injured subsequent to their sixty-fifth birthday. However, we are not persuaded that the Legislature intended or that the humanitarian and remedial purposes of the act would be served by retrospectively applying the 1968 amendment to reduce the weekly compensation of those employees who suffered injuries after their sixty-fifth birthday but prior to July 1, 1968. Moreover, there is no language in the 1968 amendment clear, unequivocal, or otherwise which directs retrospective application.

We hold, therefore, that MCLA 412.9(g); MSA 17.159(g), as amended by 1968 PA 227 § 9(g), may not be applied retrospectively and that the referee and appeal board erred in so doing.

Reversed and remanded.

All concurred.