LOPEZ v THE FLOWER BASKET NURSERY

Docket Nos. 54451, 54472. Submitted March 2, 1982, at Lansing.—Decided November 5, 1982.

Plaintiff, Julio Lopez, petitioned for a hearing before the Bureau of Workers' Disability Compensation on July 30, 1975, asserting that he was permanently and totally disabled by virtue of the loss of the industrial use of both hands. Plaintiff had been injured in 1962, when he was 56 years old. Defendants The Flower Basket Nursery and Michigan State Accident Fund voluntarily paid plaintiff 500 weeks of workers' compensation. The Second Injury Fund was also a party to defendant's petition. A hearing was held on October 28, 1976, resulting in a finding that plaintiff was permanently and totally disabled. Defendants appealed to the Workers' Compensation Appeal Board (WCAB) which affirmed the hearing referee's decision with certain modifications. The Flower Basket Nursery and the Michigan State Accident Fund appealed by leave granted. The Second Injury Fund appealed by leave granted. The appeals were consolidated. *Held:*

1. The WCAB did not err in using an "any reasonable employment" standard in finding that plaintiff had lost industrial use of both hands. Qualification for an award of total and permanent disability benefits for the loss of hands requires a showing of either anatomical loss or loss of the industrial use of the hands as determined by loss of the primary service of the hands in industry; this standard is equivalent to loss of the use of the hands in any reasonable employment.

2. Findings of fact of the Workers' Compensation Appeal Board are conclusive if supported by any competent evidence in the record in the absence of fraud. That decision was supported by sufficient evidence.

3. The one-year-back rule of the statute which limits the retroactive award of workers' compensation to the year imme-

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation §§ 339, 350, 351.
[2] 82 Am Jur 2d, Workmen's Compensation §§ 547, 635.
[3] 82 Am Jur 2d, Workmen's Compensation § 344.
[4] [No reference]

diately preceding an application for "further compensation" does not limit the obligation of the Second Injury Fund to pay benefits for total and permanent disability where the benefits previously paid were not total and permanent disability benefits. The WCAB properly refused to apply the one-year-back rule.

4. The WCAB erred in failing to apply the reduced-benefit provision of the Worker's Disability Compensation Act. The Legislature intended that, subsequent to July 1, 1968, all persons over the age of 65 are subject to the reduced-benefit provision of the Worker's Disability Compensation Act, no matter when the injury was incurred.

Affirmed in part, reversed in part, and remanded.

1. WORKERS' COMPENSATION — LOSS OF HANDS.

Qualification for an award of total and permanent disability benefits for the loss of hands requires a showing of either anatomical loss or loss of the industrial use of the hand as determined by loss of the primary service of the hands in industry; this standard is equivalent to loss of the use of the hands in any reasonable employment (MCL 418.361[1]; MSA 17.237[361][1]).

2. WORKERS' COMPENSATION — WORKERS' COMPENSATION APPEAL BOARD — FINDINGS OF FACT.

Findings of fact of the Workers' Compensation Appeal Board are conclusive if supported by any competent evidence in the record in the absence of fraud (Const 1963, art 6, § 28; MCL 418.861; MSA 17.237[861]).

3. WORKERS' COMPENSATION — FURTHER COMPENSATION — ONE-YEAR-BACK RULE.

The one-year-back rule of the statute which limits the retroactive award of workers' compensation to the year immediately preceding an application for "further compensation" does not limit the obligation of the Second Injury Fund to pay benefits for total and permanent disability where the benefits previously paid were not total and permanent disability benefits (MCL 418.833[1]; MSA 17.237[833][1]).

4. WORKERS' COMPENSATION — REDUCED-BENEFIT PROVISION.

The Legislature intended that, subsequent to July 1, 1968, all persons over the age of 65 are subject to the reduced-benefit provision of the Worker's Disability Compensation Act, no matter when the injury was incurred (MCL 418.357; MSA 17.237[357]).

*Williams, Klukowski, Wood, Drew & Fotieo, P.C.* (by *Paul A. Williams*), for appellee.

*Anderson, Green & Vincent, P.C.* (by *Adrian R.* *Vincent*), for defendants The Flower Basket Nursery and Michigan State Accident Fund.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Patrick O. Landy,* Assistant Attorney General, for defendant Second Injury Fund.

Before: M. F. CAVANAGH, P.J., and ALLEN and E. C. PENZIEN,* JJ.

PER CURIAM. The plaintiff, Julio Lopez, petitioned for a hearing before the Bureau of Workers' Disability Compensation on July 30, 1975, asserting that he was permanently and totally disabled by virtue of the loss of the industrial use of both hands. A hearing was held on October 28, 1976, resulting in a finding that plaintiff was permanently and totally disabled. Defendants appealed to the Workers' Compensation Appeal Board (WCAB) which affirmed the hearing referee's decision with certain modifications. Additional facts will be discussed in this opinion as necessary to resolution of the various issues raised by the appellants.

*Issue. I: Did the Workers' Compensation Appeal Board err in using an "any reasonable employment" standard in finding that plaintiff had lost the industrial usefulness of his hands?*

The WCAB ruled that the proper standard to be applied in determining the loss of industrial use of an organ is whether the "injury has precluded the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

employee from use of the member or organ in performing 'any reasonable employment' ". Using this standard, plaintiff was found to have lost the industrial usefulness of his hands.

In *Pipe v Leese Tool & Die Co,* 410 Mich 510, 527; 302 NW2d 526 (1981), the Supreme Court stated:

"For purposes of determining an award of specific-loss benefits for the loss of a hand, there must be a showing of either anatomical loss or loss of the industrial use of the hand as determined by the loss of the primary service of the hand in industry." (Emphasis changed.)

Appellants claim that since the WCAB used the "any reasonable employment" standard rather than a "loss of primary service of the hand in industry" standard, the case must be remanded for application of the latter standard to the facts of this case. We disagree.

It is important to note that the Supreme Court did not enunciate a new standard in *Pipe.* In *Pipe,* the Court was concerned that one of its earlier decisions, *Hutsko v Chrysler Corp,* 381 Mich 99; 158 NW2d 874 (1968), was being misinterpreted as requiring a "showing of complete amputation or its equivalent". *Pipe, supra,* p 525. The Court in *Pipe* sought to correct this misinterpretation of *Hutsko,* and specifically stated that:

"The fact that *Hutsko* may have been subject to misinterpretation does not require that we establish a new test for determining qualification for specific-loss benefits for the loss of a hand." *Pipe, supra,* p 527.

In the instant case, the WCAB properly declined to apply the "amputation equivalent" standard. Rather, it drew language from *DeGeer v DeGeer*

*Farm Equipment Co,* 391 Mich 96, 102; 214 NW2d 794 (1974), in which the Supreme Court stated:

"If appellant DeGeer, on remand, establishes that the use of his legs produces such disabling back pain that he is no longer able to use his legs to perform any reasonable employment, then he will clearly be eligible for permanent and total disability benefits under the above discussed section of the Workmen's Compensation Act."

The terms used in *Pipe* and *DeGeer* are virtually the same. An employee cannot be precluded from performing "any reasonable employment" with his hands and yet still have the use of "the primary service of his hands in industry".

*Issue II: Is the decision of the Workers' Compensation Appeal Board that plaintiff suffered a loss of the industrial usefulness of his hands supported by the evidence?*

Plaintiff testified that on October 27, 1962, while he was attempting to start the engine of a truck through the use of a crank, the engine backfired causing the crank handle to spin and strike both the plaintiff's wrists, breaking his left wrist and injuring his right wrist. Plaintiff said he had been unemployed since the date of his injury, that he always had pain and that he could not use his right hand and arm for more than 10 or 15 minutes at a time due to pain. He further testified that he could not use his left hand, wrist or arm at all due to pain. He further testified that it was necessary for his wife to button his shirts and tie his shoes and that he could not pick fruit because he could not hold things in his hands. The plaintiff presented medical testimony essentially supporting the plaintiff's testimony and, further, indicating

that the plaintiff's wrist-hand problems "are permanent and will progress".

Findings of fact by the WCAB are conclusive if supported by any competent evidence in the record and there is an absence of fraud. MCL 418.861; MSA 17.237(861); Const 1963, art 6, § 28; *Derwinski v Eureka Tire Co,* 407 Mich 469; 286 NW2d 672 (1979); *Lopucki v Ford Motor Co,* 109 Mich App 231; 311 NW2d 338 (1981). Defendants do not allege the existence of fraud and it is clear that there was sufficient evidence to support the WCAB's findings in this regard.

*Issue III: Is there competent evidence to support the WCAB's finding that plaintiff was totally and permanently disabled prior to September 1, 1965?*

Appellants Flower Basket Nursery and Michigan State Accident Fund argue that there is no basis in the record for the WCAB's findings that plaintiff was totally and permanently disabled prior to September 1, 1965. The time when plaintiff became totally and permanently disabled is a question of fact, and, therefore, the WCAB's findings on this issue may not be overturned if there is competent evidence to support its findings. See *Lopucki, supra.* The WCAB noted that plaintiff had testified that he had been unable either to work or drive an automobile since his injury, that his condition had deteriorated since his injury and that he had been unable to use either of his hands for more than 15 minutes since 1964. The board also noted that there was medical testimony consistent with plaintiff's testimony regarding the onset of his disability. One of the doctors had testified that "back in 1964, I felt that the future was rather dim if he would do certain types of work with his hands". The doctor further testified that, at that time, he would have advised plaintiff

not to do any work. The examination with regard to which the doctor was testifying occurred on April 9, 1965.

Thus, there was competent evidence on the record to support the WCAB's finding of fact in this regard.

*Issue IV: Does the "one-year-back" rule apply to defendants' liability?*

MCL 418.833(1); MSA 17.237(833)(1), provides:

"If payment of compensation is made, other than medical expenses, and an application for further compensation is later filed with the bureau, no compensation shall be ordered for any period which is more than 1 year prior to the date of filing of such application."

Defendants Flower Basket Nursery and Michigan State Accident Fund argued that the WCAB erred in refusing to apply the above section of the statute in this case. They argue that since they paid the plaintiff 500 weeks of benefits earlier on a voluntary basis, plaintiff's present application is for "further compensation" and that accordingly, permanent and total disability benefits can be ordered to be paid by the defendant-employer only from August 4, 1974, one year prior to the date of filing the plaintiff's present petition.

In refusing to apply the one-year-back rule, the WCAB cited *Martin v Somberg-Berlin Metals, Co,* 407 Mich 737; 288 NW2d 574 (1980). In that case, the plaintiff had been receiving total disability benefits from his employer from the time that he injured his back on November 11, 1963. On December 11, 1972, the plaintiff filed a petition seeking differential benefits from the Second Injury Fund. He asserted that his condition had worsened and that he had become totally and permanently disabled from the back injury due to the industrial

loss of the use of both legs. The Supreme Court in that case held that no compensation had been paid for the "total and permanent" disability resulting from the loss of industrial use of claimant's legs and, hence, the award of differential benefits is not "further compensation" subject to the one-year-back rule.

In *Piwowarski v Detroit Sulphite Pulp & Paper Co,* 412 Mich 716; 316 NW2d 719 (1982), the plaintiff in 1948 had lost his right hand and three fingers of his left hand in an industrial accident. He received specific-loss benefits for his injuries. In 1970, he filed a petition claiming total and permanent disability as a result of the loss, in the 1948 accident, of the industrial use of both hands. The Supreme Court in that case said that specific-loss benefits and total and permanent disability benefits are not for the same category of disability and that, accordingly, the "one-year-back" rule did not apply.

In our opinion, the statute contemplates, as separate categories of injuries, those injuries which are totally disabling and those injuries which are totally and permanently disabling. Accordingly, the WCAB did not err in refusing to apply the "one-year-back" rule.

*Issue V: Did the WCAB err in not applying the age 65 reduction in benefits provided by MCL 418.357; MSA 17.237(357)?*

Plaintiff was 56 years old at the time of his injury in April, 1962, and was approximately 70 years of age at the time of the hearing. He also is qualified to receive social security benefits.

MCL 418.357; MSA 17.237(357) provides:

"(1) When an employee who is receiving weekly payments or is entitled to weekly payments reaches or has

reached or passed the age of 65, the weekly payments for each year following a sixty-fifth birthday shall be reduced by 5% of the weekly payment paid or payable at age ·65, but not to less than 50% of the weekly benefit paid or payable at age 65, so that on his seventy-fifth birthday, the weekly payments shall have been reduced by 50%; after which there shall not be a further reduction for the duration of the employee's life. Weekly payments shall not be reduced below the minimum weekly benefit as provided in this act.

"(2) Subsection (1) shall not apply to a person 65 years of age or over otherwise eligible and receiving weekly payments who is not eligible for benefits under the federal social security act, 42 U.S.C. sections 301-1396i."

The WCAB refused to apply this provision for the reason that it was not in effect at the time of the plaintiff's injury.

In *Welch v Westran Corp*, 45 Mich App 1, 5; 205 NW2d 828 (1973), *aff'd on other grounds* 395 Mich 169; 235 NW2d 545 (1975), the Court was faced with whether the statute, amended in 1968, operated "retroactively to reduce the weekly benefits of a plaintiff who suffered a compensable injury after his sixty-fifth birthday but prior to July 1, 1968, the effective date of the amendment". The Court held that the statute was not to be applied retroactively to reduce the plaintiff's benefits in that case prior to July 1, 1968. The Court did state, however:

"Since the section as amended provides that when the employee is either receiving or entitled to receive payment and reaches or has reached or passed age 65 his benefits will be reduced, it is clear that the Legislature intended that subsequent to July 1, 1968, all persons over the age of 65 are subject to the reduced-benefit provision, no matter when the injury was incurred." *Welch, supra,* p 5.

In this case, the plaintiff reached the age of 65 years after July 1, 1968. Accordingly, the WCAB erred in failing to allow for reduction in plaintiff's benefits pursuant to this statute.

Affirmed in part, reversed in part, and remanded.