WOZNIAK v GENERAL MOTORS CORPORATION

Docket No. 154514. Submitted December 15, 1992, at Lansing. Decided February 2, 1993, at 9:00 A.M.

Florence Wozniak, a recipient of workers' compensation benefits from General Motors Corporation and differential benefits from the Second Injury Fund for total and permanent disability incurred in 1964, requested a hearing by the Bureau of Workers' Disability Compensation in 1988 after the defendants reduced her benefits in accordance with MCL 418.357; MSA 17.237(357) after she reached age sixty-five and became eligible for social security benefits. A magistrate upheld the reduction and determined the plaintiff's minimum benefit rate to be twenty-five percent of the state average weekly wage pursuant to MCL 418.356(3); MSA 17.237(356)(3). The Workers' Compensation Appellate Commission affirmed. The plaintiff sought leave to appeal. In lieu of granting leave to appeal, the Court of Appeals resolved the issues by means of a peremptory opinion.

The Court of Appeals *held:*

The Commission erred in declaring that the plaintiff's minimum benefit rate is twenty-five percent of the state average weekly wage. It should be fifty percent.

1. Section 357 does not apply to the plaintiff. Section 357, which was adopted with the rest of the current workers' compensation act, 1969 PA 317, was preceded by a similar provision in the former workers' compensation act, MCL 412.9(g); MSA 17.159(g). Section 9(g) was adopted upon the enactment of 1965 PA 44, effective June 3, 1965, and was subsequently amended by 1968 PA 227, effective July 1, 1968. In *Welch v Westran Corp,* 45 Mich App 1 (1973), the Court of Appeals held that § 9(g), as amended by 1968 PA 227, could not be applied retroactively. Additionally, § 3 of 1965 PA 44 provides that the provisions of the act apply only to personal injuries incurred on or after the act's effective date, June 3, 1965. Thus, the benefit reduction provisions of either § 9(g) of

REFERENCES

Am Jur 2d, Workers' Compensation § 31.

See ALR Index under Workers' Compensation.

the former act or § 357 of the current act do not apply to the plaintiff, whose disability was incurred in 1964.

2. The plaintiff's minimum weekly benefit is more properly determined pursuant to MCL 418.351(2); MSA 17.237(351)(2) rather than § 356(3). Section 351(2) specifically applies to a person whose date of injury preceded July 1, 1968, and provides that the minimum weekly benefit is to be the greater of the benefit that person received under the former workers' compensation act or fifty percent of the state average weekly wage as determined under § 355 of the current workers' compensation act, MCL 418.355; MSA 17.237(355).

Reversed and remanded.

WORKERS' COMPENSATION — REDUCTION OF BENEFITS AT AGE SIXTY-FIVE — ELIGIBILITY FOR SOCIAL SECURITY.

Section 357 of the Workers' Disability Compensation Act, which provides that weekly benefits payable to a worker who has reached age sixty-five and is eligible for social security benefits are to be reduced by five percent each year until age seventy-five, does not apply to a worker whose disabling injury occurred before June 3, 1965 (MCL 412.9[g], 418.357; MSA 17.159[g], 17.237[357]).

*Kelman, Loria, Downing, Schneider & Simpson* (by *Rodger G. Will*), for Florence Wozniak.

*Conklin, Benham, Ducey, Listman & Chuhran, P.C.* (by *Martin L. Critchell*), for General Motors Corporation.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Morrison Zack,* Assistant Attorney General, for Second Injury Fund.

Before: DOCTOROFF, C.J., and CAVANAGH and MARILYN KELLY, JJ.

PER CURIAM: Plaintiff, Florence Wozniak, seeks leave to appeal from a June 26, 1992, opinion and order of the Workers' Compensation Appellate Commission affirming a decision of a magistrate who allowed the reduction of her benefits pursuant to the age sixty-five provision of § 357 of the

Workers' Disability Compensation Act, MCL 418.357; MSA 17.237(357), and also held that her minimum benefit rate is twenty-five percent of the state average weekly wage pursuant to § 356(3), MCL 418.356(3); MSA 17.237(356)(3).

Since 1964, plaintiff has been totally and permanently disabled by incurable insanity. 1965 PA 44 added what became MCL 412.9(g); MSA 17.159(g), now § 357. That portion of 1965 PA 44 provided for five percent annual reductions, to a maximum of fifty percent at age seventy-five, of weekly benefit payments for employees entitled to weekly payments who reach the age of sixty-five. Thus, although the benefit reduction provision did not exist when plaintiff was injured, the commission has upheld the right of defendants, General Motors Corporation and the Second Injury Fund, to invoke it to reduce her benefits.

Plaintiff additionally claims that her minimum benefits should be calculated under § 351(2), MCL 418.351(2); MSA 17.237(351)(2), which specifically applies to totally and permanently disabled employees whose date of injury precedes July 1, 1968, approximately the date when 1965 PA 44 was amended by 1968 PA 227. Under that section of the WDCA, plaintiff is entitled to the greater of (a) the compensation payable immediately before the effective date of § 351(2), December 31, 1969, or (b) fifty percent of the state average weekly wage as last determined under § 355, the state average weekly wage for 1992 being $490, half of which is $245. This is well in excess of plaintiff's original weekly benefit rate of $33, or the *Eva King*[1] rate, which includes differential benefits payable by the Second Injury Fund up to two-thirds of plaintiff's average weekly wage of $110.04.

---

[1] *King v Second Injury Fund,* 382 Mich 480; 170 NW2d 1 (1969).

Again, the commission agreed with defendants that plaintiff is not entitled to payments in excess of twenty-five percent of the state average weekly wage, $122.50, because that amount exceeds two-thirds of her average weekly wage at the time of injury, relying on § 356(3), which was added to the WDCA by 1980 PA 357, effective January 1, 1982.

In the unpublished portion of the order of the Supreme Court in *Banks v Workers' Compensation Hearing Referee,* 429 Mich 900 (1988), the Supreme Court directed that "expedited consideration be given at all proceedings under 1969 PA 317, as amended, involving the issues raised in this application." In lieu of granting leave to appeal, we resolve the issues presented by means of this peremptory opinion. MCR 7.205(D)(2); *Kerby v Judges Retirement Bd,* 166 Mich App 302; 420 NW2d 195 (1988), and cases there cited.

In its original form, § 1 of 1965 PA 44 was held unconstitutional in *Brown v Saginaw Metal Casting Plants,* 68 Mich App 85; 241 NW2d 769 (1976), because of an equal protection problem. It permitted reduction of benefits beginning at age sixty five only for workers injured before their sixty-fifth birthdays, a disparity the *Brown* Court found untenable as utterly lacking a rational basis.

The Supreme Court vacated the decision and remanded for reconsideration in light of its decision in *Cruz v Chevrolet Grey Iron Division,* 398 Mich 117; 247 NW2d 764 (1976). *Brown v Saginaw Metal Casting Plants,* 399 Mich 828 (1977). On remand, this Court adhered to its original decision, and the Supreme Court thereafter denied leave to appeal, 400 Mich 852 (1977). *Brown* thus remains valid precedent.

In *Cruz,* the Supreme Court upheld, against the same kind of equal protection challenge, the amended version of the age sixty-five benefit reduc-

tion provision established by 1968 PA 227, MCL 412.9; MSA 17.159, which rewrote the first part of the statute to read as follows:

> (g) When an employee who is receiving weekly payments or is entitled to weekly payments reaches or has reached or passed the age of 65, the weekly payments for each year following his sixty-fifth birthday shall be reduced by 5% of the weekly payment paid or payable at age 65 . . . ."

This language has been carried forward in § 357(1), with a proviso in § 357(2) that the benefit reduction provision applies only to claimants who are otherwise eligible to receive social security benefits, a category that includes plaintiff.

In *Welch v Westran Corp,* 45 Mich App 1; 205 NW2d 828 (1973), aff'd on other grounds by an equally divided Court 395 Mich 169; 235 NW2d 545 (1975), this Court held that 1968 PA 227, § 9(g) "may not be applied retrospectively and that the referee and appeal board erred in so doing."

Unfortunately, our opinion in *Lopez v Flower Basket Nursery,* 122 Mich App 680, 688-689; 332 NW2d 630 (1982), misconstrued the holding in *Welch* by quoting a portion of the *Welch* opinion out of context. In *Welch,* the Court discussed not the retroactivity of 1968 PA 227 to injuries that occurred before its effective date, but the effect of the change in phraseology between the 1968 and 1965 benefit reduction provisions. Otherwise, the *Welch* discussion quoted in *Lopez* would have ended the analysis and led to affirmance of the appeal board decision in *Welch,* where the plaintiff, who was born on January 22, 1901, and had a January 31, 1966, date of injury, had been held subject to the age sixty-five benefit reduction provision on the effective date of the 1968 amendments.

Instead, the *Welch* Court noted that this simply presented the question of the retroactivity of the 1968 amendment:

> Thus we are confronted with the question of whether the 1968 amendment operates retroactively to reduce the weekly benefits of a plaintiff who suffered a compensable injury after his sixty-fifth birthday but prior to July 1, 1968, the effective date of the amendment. [45 Mich App 5.]

The Court in *Welch* then concluded that 1968 PA 227, § 9(g) could not be applied retrospectively in that situation. This Court's decision in *Lopez* turned the *Welch* holding on its head.

That, of course, is merely a conflict between two panels of this Court. But an overriding factor that compels adherence to the *Welch* decision, and concomitant rejection of *Lopez,* is a portion of 1965 PA 44 that has not been addressed in any decision. Section 1 of 1965 PA 44 became numerous sections of the Michigan Compiled Laws, a variety of amendments of the Workmen's Compensation Act of 1912. Section 2 of 1965 PA 44 repealed certain portions of the 1912 act. Neither § 2 nor §§ 3 or 4, § 4 being the effective date provision of 1965 PA 44, were assigned a Michigan Compiled Laws section number.

Regarding § 3, this appears to have been an error of omission by the compiler, MCL 8.41 *et seq.*; MSA 2.243(1) *et seq.,* because § 3 provided:

> All of the provisions of this 1965 amendatory act shall apply only to personal injuries the date of injury of which occurs on or after the effective date of this act, except as otherwise specifically provided in this act and except for the amendment to part 2, § 4, concerning selection of physicians as provided in this act.

The act was given immediate effect on June 3, 1965.

Although the age sixty-five benefit reduction provision was held unconstitutional in *Brown* as violative of equal protection, that did not affect the retroactivity limiting language of § 3 of 1965 PA 44. 1968 PA 227 was, in part, an amendment of 1965 PA 44, as reflected in its title. The age sixty-five benefit reduction provision was thereby amended to resolve the equal protection difficulty, by making it applicable to all workers entitled to benefits after their sixty-fifth birthday, irrespective of their age on the date of injury. But nothing in 1968 PA 227 purported to alter the retroactivity limiting language of § 3 of 1965 PA 44, of which the age sixty-five benefit reduction provision remained a part. See *Curry v Detroit,* 49 Mich App 240, 242; 211 NW2d 559 (1973), aff'd on other grounds 394 Mich 327; 231 NW2d 57 (1975), and *Jones v Williams,* 172 Mich App 167, 171-172; 431 NW2d 419 (1988). Thus, the age sixty-five benefit reduction provision, by the terms of § 3 of 1965 PA 44, would not apply to this plaintiff, whose date of injury was before the effective date of both statutes.

The present plaintiff turned sixty-five in 1981. By that time, § 357(1), the age sixty-five benefit reduction provision, was part of 1969 PA 317, the current wdca. However, § 891(1) of 1969 PA 317, also part of the current wdca, provides:

> To the extent that they are reenacted herein, all the provisions of former Act No. 44 of the Public Acts of 1965 shall apply only to personal injuries the date of which occurs on or after September 1, 1965, except as otherwise provided in such act and except for the amendment to part 2, section 4 of that act, concerning selection of physicians as

provided in that act. [MCL 418.891(1); MSA 17.237(891)(1).]

Thus, the Legislature has recognized that 1965 PA 44, § 3 continued in force. Section 891 is not referred to, discussed, distinguished, or acknowledged in *Lopez, supra,* or in any prior or subsequent decision of this Court.

Therefore, plaintiff correctly contends that the commission erred in allowing application of the age sixty-five benefit reduction provision to her. Even without regard to § 3 of 1965 PA 44, the age sixty-five benefit reduction provision was not retroactively applicable to plaintiff under this Court's holding in *Welch,* and the existence of § 3, carried forward in current § 891, renders the contrary holding in *Lopez* erroneous.

The second issue concerns plaintiff's minimum benefit rate. Defendants and the commission rely on § 356(3), which provides:

> The minimum weekly benefit for 1 or more losses as stated in section 361(2) and (3) shall be 25% of the state average weekly wage as determined under section 355. [MCL 418.356(3); MSA 17.237(356)(3).]

Section 361(2) deals with specific losses, and is not relevant to the case at bar; however, § 361(3) deals with total and permanent disability, and does directly apply to the present case. Accordingly, plaintiff, as a totally and permanently disabled employee, is, under § 356(3), entitled to a minimum benefit of twenty-five percent of the state average weekly wage. Because that rate for 1992 is $122.50, in excess of two-thirds of plaintiff's average weekly wage at the time of injury, the minimum would, as defendants argue, properly constitute her actual rate of compensation.

Plaintiff contends that § 351(2) governs the situation. Section 351(2) provides:

> A totally and permanently disabled employee whose date of injury preceded July 1, 1968, is entitled to the compensation under this act that was payable to the employee immediately before the effective date of this subsection, or compensation equal to 50% of the state average weekly wage as last determined under section 355, whichever is greater. [MCL 418.351(2); MSA 17.237(351)(2).]

Because plaintiff would thus be entitled to fifty percent of the state average weekly wage or her benefit rate on December 31, 1969, the former being the greater number, her minimum rate would be $245 per week.

Defendants contend that § 351(2) sets not a minimum rate, but a maximum rate, citing in support this Court's decision in *Randall v Chrysler Corp*, 135 Mich App 415; 354 NW2d 363 (1984). The Second Injury Fund takes statements of this Court out of context, and attempts to apply them to a situation that was not contemplated when those statements were made. The plaintiff in *Randall* had claimed, first, that the decision in *King v Second Injury Fund*, 382 Mich 480; 170 NW2d 1 (1969), precluded limiting or abridging increases in benefits for totally and permanently disabled employees. This Court properly held the contrary, noting that *King* stood only for the proposition that a particular provision of the statute as then enacted by the Legislature had to be construed to grant totally and permanently disabled workers the benefit of subsequent increases in benefits. *King* "does not suggest that increases in the rate of differential benefits may not be limited by the Legislature. Rights to benefits under the workers'

compensation scheme are purely statutory, and the Legislature has the prerogative to redefine the extent of those benefits." 135 Mich App 421.

Randall contended that he should be paid 66-2/3 percent of the state average weekly wage in accordance with *King,* rather than fifty percent as set forth in § 351(2). This Court disagreed and held that Randall could get no more than fifty percent of the state average weekly wage. That is not a construction of § 351(2) that rewrites the section to change what, by its own terms, is a minimum rate into a maximum rate. This Court merely looked at § 351(2) in light of the contention that a level of benefits higher than fifty percent of the state average weekly wage should be paid; plaintiff, however, contends only that she is entitled to the benefit rate set forth in § 351(2), not some higher rate.

Defendants make the alternative argument that § 356(3) controls, under the usual principle of statutory construction that a later enactment, in cases of conflict, controls the earlier. *Washtenaw Co Rd Comm'rs v Public Service Comm,* 349 Mich 663; 85 NW2d 134 (1957); *Antrim Co Social Welfare Bd v Lapeer Co Social Welfare Bd,* 332 Mich 224; 50 NW2d 769 (1952). Section 356(3) was added to the present WDCA by 1980 PA 357, whereas § 351(2) was part of the original workers' compensation act of 1969, 1969 PA 317.

This argument ignores a crucial factor. Section 351 was amended by the same 1980 PA 357 that added § 356 to the WDCA. It is one thing to assert that a later enacted statute repeals an apparently inconsistent earlier statute; it is another matter entirely to assert that the Legislature, in a single statute, enacted inherently conflicting provisions.

It is more reasonable to apply the principle of statutory construction favoring the specific over

the general. Even where the general act is adopted later in time, it will not normally be construed as an implicit repeal of a formerly enacted, more specific statute. *In re Johnson Estate,* 152 Mich App 200; 394 NW2d 136 (1986); *Wayne Co Prosecutor v Wayne Circuit Judge,* 154 Mich App 216; 397 NW2d 274 (1986).

Section 351(2) is clearly specific; it applies only to totally and permanently disabled persons injured before September 1, 1965. Section 356(3), on the other hand, is clearly general; it applies to all totally and permanently disabled workers, without regard to date of injury, as well as to workers with specific loss injuries. Given that the two sections were once part of the same amendatory act, the legislative intention, which is always paramount, seems manifestly clear: § 356(3) is intended to apply to permanently and totally disabled workers injured on or after July 1, 1968, as well as to all workers with specific loss injuries, establishing a minimum benefit rate of twenty-five percent of the state average weekly wage. Section 351(2) establishes a minimum benefit rate of fifty percent of the state average weekly wage, or the benefit rate in effect on December 31, 1969, whichever is greater, for totally and permanently disabled workers whose date of injury precedes July 1, 1968.

Accordingly, the commission erred in declaring that plaintiff's minimum benefit rate is twenty-five percent of the state average weekly wage, when it should be fifty percent. Had the Legislature intended to repeal § 351(2) by implication, it would have added the phrase "notwithstanding the date of injury," or words to that effect, at the beginning of § 356(3).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.