ROTONDI v CHRYSLER CORPORATION

Docket Nos. 143036, 143037. Submitted March 3, 1993, at Detroit. Decided June 22, 1993, at 9:50 A.M.

Anthony Rotondi, born July 14, 1911, received workers' compensation for a work-related disability, incurable insanity, he incurred while employed by Chrysler Corporation on August 26, 1966. He received weekly disability benefits from Chrysler, differential benefits pursuant to MCL 418.521(2); MSA 17.237(521)(2) from the Second Injury Fund, and supplemental benefits pursuant to MCL 418.352; MSA 17.237(352) from Chrysler. The supplemental benefits were terminated by Chrysler on the basis of § 352(5), under which supplemental benefits are reduced by the amount of differential benefits received. Rotondi and his wife agreed to reimburse Chrysler for the overpayment in supplemental benefits by allowing Chrysler to reduce the weekly disability benefit by $20. The Second Injury Fund petitioned the Bureau of Workers' Disability Compensation for termination of Rotondi's differential benefits. After hearings by referees and appeals to the Workers' Compensation Appeal Board, the Second Injury Fund was ordered to continue differential benefits and Chrysler was ordered to pay disability and supplemental benefits in their full amounts and repay Rotondi the sums it had recouped through the $20 reduction in disability benefits. Chrysler and the Second Injury Fund appealed. The appeals were consolidated.

The Court of Appeals *held:*

1. The appeal board erred in preventing Chrysler from reducing supplemental benefits or recouping overpayments of those benefits. Section 352(5) provides that supplemental benefits must be reduced by the amount of differential benefits. A hearing is not necessary before supplemental benefits may be reduced by an employer pursuant to § 352(5). The $20 reduction in weekly disability benefits, as agreed to between Rotondi and Chrysler, was fair and reasonable. Rotondi could have petitioned the bureau for a hearing if he objected to the arrange-

REFERENCES
Am Jur 2d, Workers' Compensation §§ 61, 415.
See ALR Index under Workers' Compensation.

ment, but did not. Chrysler's recoupment of overpayments of supplemental benefits is not limited by the one-year-back rule of MCL 418.833(2); MSA 17.237(833)(2) because supplemental benefits are an obligation of the state. The one-year-back rule applies to recoupment of benefits paid as obligations of employers or carriers.

2. Rotondi's benefits may be reduced pursuant to the age sixty-five reduction provisions of MCL 418.357(1); MSA 17.237(357)(1). A hearing in the bureau is not necessary for such reduction.

3. Despite the applicability of § 357(1), Rotondi's weekly benefit cannot be reduced below the minimum established by MCL 418.351(2); MSA 17.237(351)(2) for employees injured before July 1, 1968. In this case, that minimum would be fifty percent of the state average weekly wage.

Reversed and remanded.

1. WORKERS' COMPENSATION — SUPPLEMENTAL BENEFITS — DIFFERENTIAL BENEFITS — SETOFF.

Supplemental benefits payable under § 352 of the Workers' Disability Compensation Act must be reduced by the amount of differential benefits received from the Second Injury Fund; an employer need not seek a hearing in the Bureau of Workers' Disability Compensation before invoking the setoff by reducing supplemental benefits or recouping those already paid (MCL 418.352[5]; MSA 17.237[352][5]).

2. WORKERS' COMPENSATION — SUPPLEMENTAL BENEFITS — RECOUPMENT.

The one-year-back rule does not apply to recoupment of supplemental benefits (MCL 418.833[2]; MSA 17.237[833][2]).

3. WORKERS' COMPENSATION — REDUCTION OF BENEFITS AT AGE SIXTY-FIVE.

Disability benefits payable after July 1, 1968, may be reduced in the amounts specified by § 357(1) of the Workers' Disability Compensation Act when the recipient becomes sixty-five years of age; an employer need not seek a hearing in the Bureau of Workers' Disability Compensation before reducing or recouping benefits on the basis of the age sixty-five provision (MCL 418.357[1]; MSA 17.237[357][1]).

4. WORKERS' COMPENSATION — TOTAL AND PERMANENT DISABILITY — MINIMUM BENEFITS.

A totally and permanently disabled employee whose date of injury preceded July 1, 1968, is entitled to a minimum benefit of either fifty percent of the state average weekly wage as last

determined under § 351 of the Workers' Disability Compensation Act or the employee's benefit rate immediately before the effective date of § 351(2), January 1, 1982 (MCL 418.351[2]; MSA 17.237[351][2]).

*Kelman, Loria, Downing, Schneider & Simpson* (by *Donald W. Loria*), for Anthony Rotondi.

*Lacey & Jones* (by *Gerald M. Marcinkoski*), for Chrysler Corporation.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Morrison Zack,* Assistant Attorney General, for the Second Injury Fund.

Before: WAHLS, P.J., and WEAVER and CORRIGAN, JJ.

PER CURIAM. The Second Injury Fund (SIF) and Chrysler Corporation appeal a June 26, 1991, decision of the Workers' Compensation Appeal Board. The WCAB concluded that both the SIF and Chrysler acted improperly in unilaterally reducing plaintiff's weekly benefits.

Plaintiff was born on July 14, 1911. Plaintiff's injury date is August 26, 1966. Plaintiff belongs to a special group of totally and permanently disabled employees with injury dates before July 1, 1968. See *King v Second Injury Fund,* 382 Mich 480; 170 NW2d 1 (1969). See Welch, Worker's Compensation in Michigan: Law & Practice, § 13.8. Chrysler has paid plaintiff $69 a week in benefits beginning September 1, 1967. Plaintiff's disability is incurable insanity, MCL 418.361(3)(f); MSA 17.237(361)(3)(f).

Plaintiff received differential benefits pursuant to MCL 418.521(2); MSA 17.237(521)(2) from the SIF. By June 1985 those benefits reached $129.74 a

week. The SIF unilaterally reduced the benefits to $62.20 on June 26, 1985, in order to account for the age sixty-five reduction required by MCL 418.357(1); MSA 17.237(357)(1).

Beginning January 1, 1982, plaintiff was also paid supplemental benefits of $61 a week. These benefits were paid by Chrysler pursuant to MCL 418.352; MSA 17.237(352). Following an audit performed by the SIF, Chrysler learned that the differential benefits plaintiff received should have served to reduce the supplemental benefits pursuant to MCL 418.352(5); MSA 17.237(352)(5). Chrysler then determined that plaintiff should not receive any supplemental benefits and that plaintiff had been overpaid $4,770.20.

Chrysler's benefits administrator sent plaintiff a letter on July 1, 1983, advising him of the overpayment and asking for immediate reimbursement in full. After several communications between Chrysler, plaintiff, and plaintiff's wife, Chrysler agreed to collect the overpayment by a reduction of $20 a week in plaintiff's base benefit payment of $69 a week. Plaintiff sent Chrysler a letter dated July 7, 1983, asking for this arrangement. No interest was involved and under the arrangement it would take more than four years of weekly payments to recover the overpayment. Chrysler began reducing plaintiff's weekly payments before the end of July 1983.

Contending that plaintiff was no longer totally and permanently disabled, the SIF petitioned to stop payments in late 1982. The petition was denied after a hearing. The hearing referee ordered that differential benefits be continued and also ordered Chrysler to continue to pay benefits of $69 a week. Chrysler was not a party, although it had an attorney present during the hearing. The SIF appealed to the WCAB.

Meanwhile plaintiff, represented by the attorney who represented him in the proceeding initiated by the SIF, petitioned for penalties, MCL 418.801; MSA 17.237(801), against Chrysler for reducing his weekly benefits by $20. After a hearing, a referee found that the benefit reductions by both the SIF and Chrysler were proper, that the recoupment of $20 a week was reasonable and must continue, and that no penalties were warranted. Plaintiff appealed to the WCAB.

The WCAB decided the appeals of the SIF and plaintiff in its June 26, 1991, decision. The WCAB affirmed the denial of the SIF's petition to stop, a decision not now contested and reversed almost everything decided by the referee in plaintiff's case for penalties, except the denial of penalties.

The WCAB found that the age sixty-five reduction of § 357 did not apply to plaintiff, who was injured in 1966, and that under MCL 418.351(2); MSA 17.237(351)(2) plaintiff was entitled to minimum benefits equal to fifty percent of the state average weekly wage. The WCAB ordered the SIF to pay plaintiff the differential benefits it had reduced since June 25, 1985, and ordered Chrysler to continue paying supplemental benefits at the rate of $48 a week (a figure not explained in the WCAB's opinion) and to repay plaintiff all sums Chrysler had recouped.

The WCAB further found that the unilateral actions of the SIF and Chrysler were inappropriate. The WCAB agreed with the SIF and Chrysler that a petition for a hearing did not have to be filed before overpayments could be stopped or recouped, but the WCAB nevertheless found that a hearing was necessary to determine the amount of overpayments. The WCAB also found that Chrysler had "implicitly threatened plaintiff through his wife, and that he was *de jure* mentally incompetent"

and so could not agree to the $20 a week reduction in benefits.

SUPPLEMENTAL BENEFITS—SECTION 352(5)

The WCAB erred in preventing Chrysler from reducing, or recouping overpayments of, supplemental benefits without first having a hearing and erred in requiring Chrysler to repay plaintiff sums recouped under the $20 a week arrangement. It was also error to require Chrysler to continue paying plaintiff $48 a week in supplemental benefits. The decision of the WCAB is reversed in these respects.

An employer or carrier can recoup against future payments, and an employee is entitled to petition if he believes the employer or carrier is mistaken. This is an efficient mechanism for correcting errors and is not precluded by the act. Recovery against future payments has been recognized, *Samels v Goodyear Tire & Rubber Co,* 323 Mich 251; 35 NW2d 265 (1948), and is a simple way to resolve the problem of overpayments. Recovery of overpayments is consistent with the principle that a double recovery is repugnant to the purpose of workers' compensation. *Hiltz v Phil's Quality Market,* 417 Mich 335, 350; 337 NW2d 237 (1983).

There was no need for a hearing to determine the amount Chrysler overpaid supplemental benefits. Those benefits were due pursuant to § 352. Section 352(5) provides that supplemental benefits "shall" be reduced by the amount of differential benefits (§ 521) the employee receives. Section 352(5) states:

> An employee who is eligible to receive differential benefits from the second injury fund shall be

paid the supplement pursuant to this section as reduced by the amount of the differential benefits being made to the employee by the second injury fund at the time of the payment of the supplement pursuant to this section.

This subsection is self-executing. It is automatic. No more need for a hearing exists under this subsection than there would be for the application of the age sixty-five reductions in § 357(1), *Heath v Owens-Corning Fiberglas Corp,* 188 Mich App 358; 470 NW2d 663 (1991), the offsets for unemployment benefits in § 358, *Smith v Michigan Bell Telephone Co,* 189 Mich App 125, 133-137; 472 NW2d 32 (1991), or the coordination provisions of § 354, *Franks v White Pine Copper Div,* 422 Mich 636; 375 NW2d 715 (1985).

In the instant case, the differential benefits paid to plaintiff were always known (and exceeded the amount of supplemental benefits), and therefore the amount of the offset under § 352(5) was always readily determinable. A hearing would have been a waste of time and resources. Because Chrysler is entitled to offset an amount greater than $48 a week, the WCAB erred in ordering Chrysler to pay supplemental benefits at that rate.

Similarly, with regard to the method for recovering the overpayment—the arrangement to reduce plaintiff's weekly benefits by $20—no hearing was needed. Chrysler and plaintiff reached an arrangement that was fair and reasonable. There is no authority presented that Chrysler had to wait to recover the overpayment. But Chrysler agreed to collect $20 a week over more than four years, without interest, from payments being made to a plaintiff over seventy years old.

The WCAB found that plaintiff was incompetent to enter into the arrangement to repay overpay-

ments. This factual finding might be unassailable, but it is irrelevant. Chrysler could unilaterally accept repayment at $20 a week, and it would be for plaintiff to petition for a hearing if he objected. Indeed, there was a hearing in this case, initiated by plaintiff's petition for penalties. The referee approved the repayment arrangement. The WCAB reversed on erroneous grounds, i.e., no proper hearing and plaintiff's incompetency. But the WCAB never found repayment at the rate of $20 a week to be unreasonable. In view of the WCAB's error and the circumstances of this case, we leave plaintiff and Chrysler with their arrangement and leave it for plaintiff to petition for a hearing if he believes some other arrangement is more appropriate and can be enforced.

An issue raised by plaintiff and not decided by the WCAB is whether Chrysler's recoupment of overpayments of supplemental benefits is limited by the one-year-back rule of MCL 418.833(2); MSA 17.237(833)(2). This statute applies to recoupments by employers or carriers. Supplemental benefits are an obligation of the state. *Lulgjuraj v Chrysler Corp,* 185 Mich App 539, 542; 463 NW2d 152 (1990). As explained in *Lulgjuraj,* an employer or carrier is merely a disbursement agent for the state. It follows that supplemental benefits are not covered by § 833(2), and therefore that section does not bar recovery of overpaid supplemental benefits more than one year back.

### AGE SIXTY-FIVE REDUCTION—SECTION 357(1)

Chrysler and the SIF contend that they are entitled to the benefit of the age sixty-five reduction, MCL 418.357(1); MSA 17.237(357)(1). Our discussion and conclusions regarding the lack of necessity for a hearing to recoup or terminate over-

payment of supplemental benefits applies with equal force to the overpayment and recoupment of benefits under this provision. *Heath v Owens-Corning, supra.*

Section 357(1) provides for five percent annual reductions of weekly benefit payments once a recipient reaches age sixty-five, with a maximum reduction of fifty percent. This provision was added by 1965 PA 44, effective September 1, 1965. As originally enacted, statute did not apply to workers who were injured after they turned sixty-five. The statute was amended by 1968 PA 227, effective July 1, 1968, to remedy this omission by adding "or has reached or passed" the age of sixty-five. The amended version was held constitutional in the face of an equal protection challenge in *Cruz v Chevrolet Grey Iron,* 398 Mich 117; 247 NW2d 764 (1976). In *Brown v Saginaw Metal Casting,* 68 Mich App 85; 241 NW2d 769 (1976), remanded for reconsideration in light of *Cruz, supra,* 399 Mich 828 (1977), lv den after remand 400 Mich 852 (1977), a panel of this Court held the 1965 version of the statute unconstitutional on equal protection grounds.

When plaintiff herein became sixty-five in 1976, § 357(1) unambiguously applied to him. Section 357(1) provides that "when" an employee reaches sixty-five the weekly payments received by the employee "shall" be reduced. The age sixty-five reduction applies on its face to plaintiff. It applies to plaintiff even though his injury occurred in 1966, before the effective date of the 1968 amendment.

Application of the 1968 version of § 357(1) to an employee injured in 1966 does not constitute "retroactive" application of § 357(1). The statute operates only with regard to payments received and attributable to periods after its effective date.

*Franks v White Pine Copper Div, supra* at 653. Moreover, § 357(1) affects the amount of benefits an employee receives rather than the right to benefits. *Pike v City of Wyoming,* 431 Mich 589, 601; 433 NW2d 768 (1988). The amount of benefits may be subject to change upon the occurrence of events. *Id.* at 600.

The expressed legislative intent is that the age sixty-five reduction apply to cases where the injury occurred after September 1, 1965. Section 3 of 1965 PA 44 so states, and this section of the act was not affected by 1968 PA 227. Thus, the Legislature has expressly stated when § 357(1) applies, unlike the situation before the Court in *Franks v White Pine Copper Div, supra.* We note, as was recognized in *Wozniak v General Motors Corp,* 198 Mich App 172; 497 NW2d 562 (1993), that 1965 PA 44, § 3 was not compiled.

Our conclusion is consistent with *Welch v Westran Corp,* 45 Mich App 1, 5; 205 NW2d 828 (1973), which found that the Legislature clearly intended that after July 1, 1968, all persons over sixty-five would be subject to the age sixty-five reduction "no matter when the injury was incurred." This very language was quoted by two justices in *Cruz,* 398 Mich 136, and the dissenting justice in *Cruz* discussed *Welch* without disapproval, 398 Mich 150. *Welch* refused to apply the age sixty-five reduction provision only to an employee who was injured after he turned sixty-five and who was both injured and turned sixty-five in 1966, when the original provision was in effect.

The fact that the 1965 version of the age sixty-five reduction was held unconstitutional in *Brown v Saginaw Metal Casting, supra,* has no effect on this case. As discussed above, the 1968 version applies to plaintiff. In addition, the continued va-

lidity of the published *Brown* decision is dubious in light of its subsequent appellate history.

Applying the age sixty-five provision to plaintiff is not inconsistent with *Wozniak v General Motors, supra.* The plaintiff in *Wozniak* was injured in 1964, a date to which the Legislature expressly stated the age sixty-five reduction did not apply. 1965 PA 44, § 3. We do not necessarily agree with *Wozniak*'s discussion of *Lopez v Flower Basket,* 122 Mich App 680; 332 NW2d 630 (1982), because our reading of *Welch v Westran Corp, supra,* leads us to conclude that *Lopez* correctly read *Welch.* But that does not matter because the discussion in *Wozniak* does not establish a binding rule of law under Administrative Order No. 1990-6, 436 Mich lxxxiv, and No. 1992-8, 441 Mich cxi. Nevertheless, we recognize that *Lopez* was erroneously decided on its facts because the plaintiff in *Lopez* was injured in 1962, a date to which the age sixty-five reduction does not apply according to the uncompiled § 3 of 1965 PA 44.

A change in the rate of benefits paid by Chrysler is not barred by res judicata on the basis of the 1984 referee's decision (affirmed by the WCAB) concerning the SIF's petition to stop. Although Chrysler was not a party to that proceeding, the referee ordered Chrysler to continue paying benefits of $69 a week. Res judicata does not apply because Chrysler was not a party, *VanDeventer v Michigan Nat'l Bank,* 172 Mich App 456, 463-464; 432 NW2d 338 (1988), and because the amount of benefits is always subject to change on the basis of certain events occurring, including an employee reaching sixty-five years of age, *Pike v City of Wyoming,* 431 Mich 600-601. Although plaintiff argues res judicata with respect to Chrysler, we note that Chrysler itself has not invoked the age sixty-five reduction.

Neither the SIF nor Chrysler is precluded from reducing plaintiff's weekly payments under § 357(1). However, this conclusion does not alter the SIF's obligation with respect to differential benefits under MCL 418.521(2); MSA 17.237(521)(2) or the application of MCL 418.833(2); MSA 17.237(833)(2) to Chrysler.

### MINIMUM PAYMENTS—SECTION 351(2)

Despite the applicability of the age sixty-five reduction, in this case plaintiff's weekly payments may not be reduced below fifty percent of the state average weekly wage as last determined. MCL 418.351(2); MSA 17.237(351)(2) so provides. As was recently discussed in *Wozniak, supra* at 179-182, § 351(2) establishes a minimum level of compensation for totally and permanently disabled employees who were injured before July 1, 1968. The minimum rate established by MCL 418.356(3); MSA 17.237(356)(3) is not rendered meaningless by application of § 351(2) to plaintiff and those similarly situated, because there are possibly, and probably, many other employees subject to the minimum of § 356(3).

Section 351(2) provides a minimum benefit level of either fifty percent of the state average weekly wage or the employee's benefit rate immediately before the effective date of § 351(2), January 1, 1982. 1980 PA 357. See Welch, Worker's Compensation in Michigan: Law & Practice, § 13.8. By now fifty percent of the state average weekly wage exceeds the 1981 rate of benefits any injured employee would have received, so fifty percent of the state average weekly wage is the minimum benefit level to which plaintiff is now entitled. However, without the benefit of briefing on the point, we are not prepared to determine whether there was a

period when the payments plaintiff received could be reduced (by the age sixty-five reduction, for example) by some amount without violating the minimum of § 351(2).

The age sixty-five reduction in § 357(1) cannot reduce plaintiff's benefit below the minimum established by § 351(2). The last sentence of § 357(1) states that "[w]eekly payments shall not be reduced below the minimum weekly benefit as provided in this act." This language applies equally to § 356(3) and § 351(2).

Reversed and remanded for proceedings consistent with this opinion.